STEPHEN H. TURNER, SB# 89627
  E-Mail: turner@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
221 North Figueroa Street, Suite 1200
Los Angeles, California  90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant, SENTRY CREDIT, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA BEARD,<br><br>        Plaintiff,<br><br>    v.<br><br>SENTRY CREDIT, INC.,<br><br>        Defendant. | CASE NO. 2:10-02218-KJM-GGH<br><br>**(DISCOVERY MATTER)**<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>Action Filed::    8/18/2010<br>Trial Date:        3/20/2012 |

   THE PARTIES through their counsel, stipulate to the following terms, to be made an order by this Court to govern discovery of sensitive, confidential, trade secret and private information of the parties, as set forth herein:

   WHEREAS, discovery in this action involving Plaintiff ANDREA BEARD ("Plaintiff") and Defendant SENTRY CREDIT, INC. ("Defendant") calls for the disclosure of documents containing confidential and proprietary information, including:

   Confidential, proprietary and competitively sensitive information relating to Defendant's training, policies and procedures, trade secrets, research, development, financial, competitive, marketing, strategic planning or other commercial

1  information.

2      Accordingly, good cause exists to enter into this Stipulated Protective Order
3  to protect the confidential and proprietary information of the parties.

4      IT IS HEREBY STIPULATED AND AGREED by and between the parties to
5  this action, through their respective undersigned counsel, as follows:

6      1.    a.    This Stipulated Protective Order applies to all parties, counsel
7  and other persons authorized herein to receive "CONFIDENTIAL" or "HIGHLY
8  CONFIDENTIAL" information (collectively referred to herein, as "Confidential
9  Material") during this litigation.  Each person subject to this Stipulated Protective
10 Order shall take all necessary precautions to prevent the unauthorized disclosure of
11 protected materials, including but not limited to physically securing, safeguarding
12 and restricting access to the protected materials, whether they exist in paper or
13 electronic format.  Each individual covered by this Stipulated Protective Order shall
14 also treat all protected information to which he/she obtains access in confidence in
15 accordance with the terms of this Stipulated Protective Order.

16     b.    All material covered by this Stipulated Protective Order is to be
17 used in this case only and for no other purpose.

18     c.    "CONFIDENTIAL" information shall be bona fide confidential
19 or proprietary information that a party does not and would not publicly disclose or
20 information that a party is under a preexisting obligation to a third party to maintain
21 as confidential.  "HIGHLY CONFIDENTIAL" information shall be bona fide trade
22 secrets or highly sensitive confidential or financial or business or proprietary
23 information that may be of value to a competitor, customer or potential competitor
24 or customer, or other highly sensitive materials that a party is under a preexisting
25 obligation to a third party to maintain as confidential.

26     2.    A discovery response (including deposition testimony) or document
27 that a producing party or non-party witness reasonably believes constitutes or
28 contains bona fide confidential or proprietary information that a party does not and

2
[PROPOSED] STIPULATED PROTECTIVE ORDER

would not publicly disclose or information that a party is under a preexisting obligation to a third party to maintain as confidential may be designated "CONFIDENTIAL" by the producing party or non-party witness.

3. A discovery response (including deposition testimony) or document that a producing party or non-party witness in good faith believes constitutes or contains bona fide trade secrets or highly sensitive confidential or financial or business or proprietary information that may be of value to a competitor, customer or potential competitor or customer, or other highly sensitive materials that a party is under a preexisting obligation to a third party to maintain as confidential which only should be shared between counsel may be designated as "HIGHLY CONFIDENTIAL" by the producing party or non-party witness.

4. Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be marked as follows:

    a. Any information that is disclosed in writing (e.g., in a document or an interrogatory answer) shall be stamped or otherwise clearly marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of the writing on which such information is disclosed. Stamping or marking of the writing as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be done prior to production of the information by the producing party.

    b. Any information that is disclosed through any other means of production (e.g., production of tangible things) shall be labeled or otherwise clearly marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each thing produced.  Stamping or marking of the thing as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be done prior to production of the information by the producing party.

    c. When testimony is to be elicited during a deposition that is, or is likely to be, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, persons not entitled to receive such information under the terms of this Stipulated

LEWIS BRISBOIS

1 Protective Order shall be excluded from the deposition. Deposition transcripts, or
2 portions thereof, containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"
3 Information shall be so designated in writing no later than thirty (30) days following
4 receipt of the transcript from the reporter. Prior to such written designations, the
5 entire deposition transcript shall be considered to have been designated as
6 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information. Following the
7 written designation, those portions of the deposition transcript containing
8 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall be bound
9 separately from those portions that do not contain "CONFIDENTIAL" or "HIGHLY
10 CONFIDENTIAL" information and shall be marked with the following legend:

> **THIS TRANSCRIPT CONTAINS MATERIALS**
> **WHICH ARE CLAIMED TO BE CONFIDENTIAL**
> **BY COUNSEL AND COVERED BY A STIPULATED**
> **PROTECTIVE ORDER - TO BE FILED WITH THE**
> **COURT UNDER SEAL.**

16     5.    In the event that a party seeks to file with the Court documents
17 containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, the
18 proposed filing shall be accompanied by a request to file the papers or the portion
19 thereof containing the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"
20 information (if such portion is segregable) under seal in accordance with Local Rule
21 141. The application shall be directed to the judge to whom the papers to be filed
22 are directed.

23     6.    In the event that the producing party inadvertently fails to designate as
24 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" any information that is
25 produced and that the producing party reasonably and in good faith believes should
26 be so designated, the producing party may subsequently make such a designation by
27 notifying opposing counsel in writing within five (5) business days of discovery of
28 inadvertent failure to designate. After receipt of such notification, the party to

whom disclosure has been made will treat thereafter the information in accordance with the terms of this stipulated protective order.

7. Any information marked "CONFIDENTIAL" pursuant to this Order may be disclosed or made available only to the following persons:

    a. The parties to this action or an officer, director, or employee of a party deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    b. Counsel for the parties to this action ("Counsel"), including all partners and associate attorneys of such Counsel's law firms and all clerks, employees, independent contractors, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the direct supervision of such partners or associate attorneys and who are actually working on this action, all of whom shall be bound by this Order;

    c. The Court and any person employed or retained by the Court whose duties require access to Confidential Material;

    d. Stenographic reporters or audio-visual personnel engaged in connection with this action including deposition reporters, video operators and transcribers;

    e. Any person who created, authored, received or reviewed such Confidential Material and those persons identified on such Confidential Material as creators, authors or recipients of the Confidential Material;

    f. Actual and/or potential trial or deposition witnesses, where counsel believes, in good faith, that disclosure is necessary to prepare for or develop the testimony of such witnesses;

    g. Experts or consultants retained by such counsel to assist in the prosecution, defense, or settlement of this action and their respective employees, associates or colleagues;

    h. Employees of firms engaged by the parties for purposes of photocopying, electronic imaging or computer litigation support in connection with this litigation;

    i. The jurors at any trial of this action; or

    j. Such other persons as may be designated by written agreement of Counsel or by order of the Court.

  8. Any information marked "HIGHLY CONFIDENTIAL" may be disclosed or made available only to the following persons:

    a. The parties to this action or an officer, director, or employee of a party deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    b. Counsel for the parties to this action ("Counsel"), including all partners and associate attorneys of such Counsel's law firms and all clerks, employees, independent contractors, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the direct supervision of such partners or associate attorneys and who are actually working on this action, all of whom shall be bound by this Order;

    c. Experts or consultants retained by such counsel to assist in the prosecution, defense, or settlement of this action and their respective employees, associates or colleagues;

    d. Any person who created, authored, received or reviewed such Highly Confidential Material and those persons identified on such Highly Confidential Material as creators, authors or recipients of the Highly Confidential Material;

    e. The parties to the action, if counsel deems disclosure of the information reasonably necessary to aid in the prosecution, defense, or settlement of this action, provided that the parties shall not be permitted to copy, transcribe,

1 record or retain copies of any information;

2     f. Stenographic reporters or audio-visual personnel engaged in connection with this action including deposition reporters, video operators and transcribers; and

    g. The jurors at any trial of this action, subject to terms and instructions that shall be determined prior to trial and set forth in a supplementary Protective Order.

9. Prior to receiving any Confidential Material, any Person described in paragraphs 7(e) through 7(h) or paragraphs 8(a) through 8(f) shall be provided with a copy of this Order and shall execute an Agreement to Maintain Confidentiality (hereinafter "Confidentiality Agreement") in the form of Attachment "A." Each such person signing a Confidentiality Agreement shall be subject to and bound by this Order. Counsel for the party seeking to disclose Confidential Material to any person pursuant to paragraphs 7(e) through 7(h) shall be responsible for retaining the executed originals of all such Confidentiality Agreements and certifying that such individuals have complied with the requirements of Paragraph 16.

10. Counsel shall take appropriate steps to ensure that the parties, witnesses and counsel to whom "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" discovery responses or documents are disclosed are provided with a copy of this Stipulated Protective Order.

11. Under no circumstance may information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" be disclosed to any person or entity other than those identified above without the prior written consent of the producing party. In the event that information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is disclosed orally (e.g., at a deposition), the disclosing party shall have the right to exclude from attendance at said deposition, any person other than the deponent and those persons identified in paragraph 7 or 8 above.

12. In the event that a party receiving information that the producing party has designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" disagrees with the propriety of that designation, the parties will first try, in good faith, to resolve such dispute on an informal basis. If the parties are unable to resolve their dispute informally, either party may file a noticed motion regarding the dispute to the Court for judicial resolution, and the Court may then determine whether the information should be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The motion shall be made in strict compliance with Local Rule 251, and the burden of demonstrating that the discovery response or document was designated appropriately pursuant to this Stipulated Protective Order shall be upon the producing party or non-party witness that produced the document or provided the response. All information whose designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is disputed shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" until such time as the Court determines or the parties agree otherwise.

13. All materials containing information that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be stored under the direct control of counsel for the receiving party, who shall be responsible for preventing any disclosure thereof except in accordance with the terms of this Stipulated Protective Order.

14. Any Party or person receiving information that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Order that receives a request or subpoena for production or disclosure of the information shall immediately give written notice to the Party who designated the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" ("the Designating Party") and to its counsel, identifying the information sought and enclosing a copy of the subpoena or request. The person subject to the subpoena or other request shall not produce or disclose the requested information without consent of the Designating

8
[PROPOSED] STIPULATED PROTECTIVE ORDER

Party unless: (a) the Designating Party fails to seek relief from the subpoena or request in a timely manner; or (b) notwithstanding the Designating Party's request for relief, production or disclosure is ordered by a court of competent jurisdiction.

15. The number of copies that may be made of materials containing information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be limited to those reasonably necessary for use by counsel and any independent experts or independent consultants retained by counsel.

16. Except as otherwise agreed in writing by the producing party, within thirty (30) days after the conclusion of this action and the written request of the producing party (which ever date is latest), whether by settlement, trial, appeal or otherwise, all materials containing information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and all copies thereof, shall be returned by counsel for the receiving party to counsel for the producing party. Alternatively, such material may be destroyed by counsel for the receiving party, in which event, a certificate of destruction shall, upon demand by the producing party, be delivered to counsel for the producing party. Notwithstanding the foregoing, counsel may retain one complete set of legal papers containing material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" provided that said set of legal papers is kept in a file clearly marked with the notation:

**CONTAINS CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO STIPULATED PROTECTIVE ORDER**

17. All information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may be used only for purposes of this action and not for any other action (except for actions in which the plaintiff hereto is named as an adverse party to the defendant hereto), or any business purpose whatsoever.

18. Nothing contained herein shall purport to limit a party's or non-party witness' use or disclosure of its own documents or information, regardless of whether such documents or information are designated "CONFIDENTIAL" or

1  "HIGHLY CONFIDENTIAL" as set forth herein.

2  19.    The inadvertent, unintentional, or in camera disclosure or production of designated or undesignated documents containing information constituting attorney work product or protected by the attorney-client privilege or any other applicable privilege from disclosure shall not be deemed a waiver, in whole or in part, of any party's or non-party witness' claims of privilege, provided that the producing party, within a reasonable time, notifies the receiving party of its claim of privilege.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies.

20.    This Stipulated Protective Order is without prejudice to the right of any party to seek relief from or modification of any provision contained herein after notice to the other party.  This Stipulated Protective Order is also without prejudice to any party's right to seek a greater level of protection for documents that may be requested or produced during subsequent discovery in this action.

21.    The agreement of the parties embodied in this Stipulated Protective Order does not constitute an admission or agreement that any document or information is subject to discovery or is admissible as evidence in this case. Designation of any information as being subject to this Stipulated Protective Order shall have no meaning or effect with respect to the substantive issues in this proceeding or the claims or defenses of any party thereto.

22.    The parties shall submit this Stipulated Protective Order to the Court tobe "so ordered."

23.    This Stipulated Protective Order shall remain in effect unless modified by an order of the Court or by written stipulation of the parties filed with the Court.

24.    In the event that the terms of this Stipulated Protective Order shall be violated, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person or party violating or threatening to violate any of the terms of this Stipulated Protective Order, and the Court may award

10
[PROPOSED] STIPULATED PROTECTIVE ORDER

damages or such other relief the Court may deem just and proper for the violation of this Stipulated Protective Order.

25.   The parties consent to the continuing jurisdiction of the Court with respect to this Stipulated Protective Order and any breach thereof, even after the termination of this action.  A breach of the provisions of this Stipulated Protective Order shall subject the party responsible for the breach to sanctions, on notice, opposition, and reply in the discretion of the Court.

**SO STIPULATED AND AGREED:**

DATED: 6/14/2011            LEWIS BRISBOIS BISGAARD & SMITH LLP

By:  /s/ Lindsay L. O'Hair
Stephen H. Turner
Lindsay L. O'Hair
Attorneys for Defendant, SENTRY CREDIT. INC.

DATED: 6/14/2011            KROHN & MOSS. LTD.

By:  /s/ Ryan Lee
Ryan Lee
Attorneys for Plaintiff ANDREA BEARD

**IT IS SO ORDERED.**

**The following modifications are ordered:**

**1.   Paragraph 1(b): to the extent it might be otherwise interpreted, this protective order does not bind non-parties, except for those persons/entities listed in paragraphs 7 and 8.**

**2.   Paragraph 4(c): subject to the provisions of paragraph 5; there is no automatic sealing**

3. **Paragraph 5: subject to Ninth Circuit substantive standards for sealing, i.e., good cause for sealing in non-dispositive filings and compelling need for sealing in dispositive filings or at trial.**
4. **Paragraph 8: Court personnel were omitted, apparently inadvertently; they are hereby added.**
5. **Paragraph 17: This protective order does not bind other courts.**

DATE: June 22, 2011          /s/ Gregory G. Hollows

_____

UNITED STATES MAGISTRATE JUDGE

12
[PROPOSED] STIPULATED PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name] of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ [date] in the case of Andrea Beard v. Sentry Credit, Inc., Case No. 2:10-02218-KJM-GGH.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of the Stipulated Protective Order.  I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after the termination of this action.

Date: _____

City and State where sworn and signed: _____

Print Name: _____

Signature: _____