IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREA BEARD,

        Plaintiff,                                      CIV-S-10-2218-KJM GGH

    vs.

SENTRY CREDIT, INC.,

        Defendant.                                ORDER
_____/

        Previously pending on this court's law and motion calendar for September 15, 2011, was defendant's motion for sanctions, filed August 18, 2011. Lindsay O'Hair appeared for defendant. Ryan Lee appeared telephonically for plaintiff. Having heard oral argument and reviewed the papers in support of and in opposition to the motion, the court now issues the following order.

BACKGROUND

        On May 12, 2011, defendant noticed plaintiff's deposition for June 9, 2011, prior to the July 1, 2011 discovery cutoff. On the day before the deposition, plaintiff's counsel called defense counsel to state that he could not find his client, and sought to postpone the deposition. Defense counsel informed plaintiff's counsel that the deposition would go forward the next day, because plaintiff's counsel could not confirm that plaintiff was definitely unavailable and

because defense counsel did not want to indefinitely postpone the deposition in light of a quickly approaching discovery deadline. Also on June 8, 2011, plaintiff filed a motion for protective order, seeking to quash or stay the deposition scheduled for the following day. As the motion was noticed for hearing on July 14, 2011, after the discovery cutoff, the court vacated the motion on July 8, 2011. Plaintiff failed to appear for her deposition on June 9, 2011; however, her deposition was eventually taken on June 30, 2011. Defendant now seeks expenses incurred in traveling to the deposition, and seeks them against plaintiff personally.

DISCUSSION

Defendants seek Rule 37(d) (3) sanctions against plaintiff personally in the amount of $933.07 for fees and costs incurred in attending the June 9, 2011 deposition.

Under Fed. R. Civ. P. 37 (a) (5) and (b)(2)(C), the court is required to impose monetary sanctions on the disobedient party unless the court finds that the party's failure was substantially justified or that other circumstances make an award of expenses unjust. "[I]f a failure to comply has occurred, it becomes incumbent upon the disobedient party to show that his failure is justified or that special circumstances would make an award of expenses unjust. Notes of the Advisory Committee on Rule 37." David v. Hooker, 560 F.2d 412, 419 (9th Cir. 1977).

Plaintiff opposes the motion, explaining that plaintiff's counsel notified plaintiff in writing of her deposition on May 17, 2011. On June 3, 2011, counsel tried to reach plaintiff to prepare her for deposition but her phone was disconnected. Counsel also emailed plaintiff with no success. On June 8, 2011, having had no contact with plaintiff, plaintiff's counsel emailed defense counsel the following:

> I am writing [to] meet and confer and to notify you that I have been unable to confirm my client's attendance at her deposition tomorrow. As you know, discovery does not close until July 1st and I will do everything in my power to re-schedule her deposition. Further, I will stipulate to extend all deadlines in order to allow you to take my client's deposition and if you should decide, file a dispositive motion. Please advise if you will take the currently calendared deposition off calendar. If not, we will be filing a motion for protective order and attaching this correspondence.

1       Thank you and I look forward to you[r] response.

2 (Lee Decl., Ex. A.)

3       An associate from defense counsel's firm called plaintiff's counsel to state that the
4 deposition would not be taken off calendar.  Plaintiff then filed the motion for protective order
5 that was later vacated.

6       Plaintiff argues that she exhibited no bad faith or wilfulness as she had complied
7 with all written discovery in this case, and ultimately presented herself for deposition.  Plaintiff
8 also asserts that defendant failed to mitigate its damages, after knowing that plaintiff's counsel
9 tried to reschedule the deposition based on his inability to locate plaintiff, and then filed a motion
10 for protective order.  For example, despite having local counsel with 19 attorneys in Sacramento,
11 defense counsel flew from Los Angeles to Sacramento for the deposition, and sent a court
12 reporter there, only to enter a non-appearance on the record.  At hearing plaintiff's counsel
13 explained that his indigent plaintiff had her cell phone disconnected and could not contact
14 plaintiff's counsel.

15       The undersigned is not persuaded by plaintiff's explanations.  Plaintiff filed this
16 lawsuit and desires to receive substantial damages from defendant.  It is therefore incumbent
17 upon her to comply with her litigation responsibilities.  The undersigned will not find that
18 plaintiff's only ability to stay in contact with her counsel was by way of a cell phone.

19       Moreover, defendant's counsel of record should not have had to ask local counsel
20 to attend a deposition for an unfamiliar case on half a day's notice even if the deposition was to
21 memorialize plaintiff's non-appearance.  Defense counsel also offered to take the deposition in
22 L.A. so as not to incur further costs, but plaintiff's counsel never responded to this offer.
23 Plaintiff's counsel was provided with the notice of deposition on May 17, 2011, but did not
24 confirm availability until June 3, 2011, and did not notify defendant that he could not locate
25 plaintiff until the afternoon before the deposition.  Even at this late time, plaintiff's counsel did
26 not represent that plaintiff would not attend the deposition the next day.  He merely stated that if

and when he was able to reach plaintiff, he would contact defense counsel to schedule her deposition, and would extend the discovery deadline if necessary. Defendant could not rely on these uncertain representations with a discovery cutoff only weeks later, on July 1, 2011.

Defendant's request is fair in seeking attorneys' fees only for the time spent preparing for the sanctions motion, and not for the time spent traveling or appearing at the deposition. The hourly rate of $165 and two hours to prepare and attend the hearing on the instant motion are also reasonable. When added to the costs of $434.40 for airfare, $67.92 for a rental car, and $100.75 in court reporter fees, the court finds that the total requested amount of $933.07 is reasonable.

The undersigned does not find plaintiff's counsel at fault for plaintiff's non-appearance–plaintiff has herself to blame. Therefore, sanctions will not be imposed against counsel, but only against plaintiff, who should bear the burden of not appearing at a properly noticed deposition, for which she had plenty of advance notice. Nevertheless, because it does appear that plaintiff is suffering financial difficulties, the court is reluctant to require sanctions to be paid at this time when the result of non-payment is a near certainty. Striking a balance, the sanctions imposed will only be payable if plaintiff ultimately prevails in this case.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that: defendant's motion for sanctions (Docket # 16) is granted. However, the sanctions are payable only if plaintiff ultimately prevails in this action. If she prevails, the judgment shall be offset by sanctions in the amount of $933.07.

DATED: September 16, 2011

   /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/Beard2218.san.wpd