1  STEPHEN H. TURNER, SB# 89627
     E-mail: turner@lbbslaw.com
2  LINDSAY L. O'HAIR, SB# 258130
     E-mail: ohair@lbbslaw.com
3  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   221 North Figueroa Street, Suite 1200
4  Los Angeles, California  90012
   Telephone: (213) 250-1800
5  Facsimile: (213) 250-7900

6  Attorneys for Defendant, SENTRY CREDIT, INC.

7

8  UNITED STATES DISTRICT COURT

9  EASTERN DISTRICT OF CALIFORNIA

10

11  ANDREA BEARD,                           ) CASE NO. 2:10-02218-KJM-GGH
                                            ) Hon. Kimberly J. Mueller
12          Plaintiff,                      ) Courtroom 3
                                            )
13      v.                                  )
                                            ) **DECLARATION OF STEPHEN H.**
14  SENTRY CREDIT, INC.                     ) **TURNER**
                                            )
15          Defendant.                      ) ACTION FILED:      8/18/2010
                                            ) TRIAL DATE:        3/19/2012
16                                          )
                                            ) Date:    November 18, 2011
17                                          ) Time:    10:00 a.m.
                                            ) Crtrm:   3
18                                          )
                                            )
19  _____    )

20  I, STEPHEN H. TURNER, declare as follows:

21          1.      I am an attorney duly licensed to practice in all of the courts of the State

22  of California and am a member of Lewis Brisbois Bisgaard & Smith LLP, attorneys

23  of record for Defendant SENTRY CREDIT, INC. herein.  The facts set forth herein

24  are of my own personal knowledge and if sworn I could and would testify

25  competently thereto.

26          2.      On June 30, 2011, an attorney from my office took the deposition of

27  Plaintiff ANDREA BEARD.  A true and correct copy of the portions of this

28  deposition transcript relevant to Defendant's summary judgment motion is attached

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-1289-9340.1                    DECLARATION OF STEPHEN H. TURNER

1  hereto as Exhibit "A."

2       I declare under penalty of perjury under the laws of the State of California that

3  the foregoing is true and correct and that this declaration was executed on October

4  21, 2011, at Los Angeles, California.

5

6  Stephen H. Turner

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-1289-9340.1

**DECLARATION OF STEPHEN H. TURNER**

# EXHIBIT "A"

6234-8159  Disc

IN THE U.S. DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

---oOo---

**CERTIFIED COPY**

ANDREA BEARD,                           )

    Plaintiff,                       )
vs.                                     )No. 2:10-02218-KJM-GGH
                                        )
SENTRY CREDIT, INC.,                    )
                                        )
    Defendants.                      )
                                        )

DEPOSITION OF ANDREA BEARD, at the Law Offices

of Lewis, Brisbois, Bisgaard & Smith, 2850 Gateway

Oaks Drive, Suite 450, Sacramento, California,

commencing at 10:02 a.m., Thursday, June 30,

2011, before Elizabeth A. Willis-Lewis, CLR, RPR,

CSR No. 12155.

Pages 1 - 43



BENHYATT
Certified Deposition Reporters
17835 Ventura Blvd. Suite 310 Encino, CA 91316
P 888.272.0022 F 818.343.7119

1     APPEARANCES OF COUNSEL:

2

3          FOR THE PLAINTIFF:

4               LAW OFFICES OF JACOB SIDER
                BY:   JACOB SIDER, ESQ.
5               5581 Taft Avenue
                Oakland, California 94618
6               (510) 287-6249
                jacobsider@gmail.com

7

8
           FOR THE DEFENDANTS:
9
                LEWIS, BRISBOIS, BISGAARD & SMITH, LLP
10              BY:   PATRIK JOHANSSON, ESQ.
                221 N. Figueroa Street
11              Suite 1200
                Los Angeles, California 90012
12              (213) 250-1800
                johansson@lbbslaw.com

13

14

15

16

17

18

19

20

21

22

23

24

25

Ben Hyatt Certified Deposition Reporters
888.272.0022   818.343.7040   Fax 818.343.7119   www.benhyatt.com

1      Q.    Until when?

2      A.    Maybe two years ago.

3      Q.    Did you obtain a degree from college?

4      A.    No.

5      Q.    Any other college education?

6      A.    No.

7      Q.    Now, besides your GED do you have any school

8    certificates from trade schools or anything like that?

9      A.    No.

10     Q.    How about any licenses -- professional licenses?

11     A.    No.

12     Q.    Have you ever been in the military?

13     A.    No.

14     Q.    Who is your current employer?

15     A.    I am not working.

16     Q.    When was the last time you had a job?

17     A.    December of 2010.

18     Q.    Who did you work for in December of 2010?

19     A.    Home Depot.

20     Q.    What time period did you work for Home Depot?

21     A.    November of 2010 to December of 2010.

22     Q.    What about prior to Home Depot?

23     A.    West Asset Management.

24     Q.    What kind of business does West Asset

25   Management do?

Ben Hyatt Certified Deposition Reporters
888.272.0022   818.343.7040   Fax 818.343.7119   www.benhyatt.com

Andrea Beard - 6/30/2011

```
 1      A.   Collections.

 2      Q.   So you were a debt collector at West Asset

 3  Management?

 4      A.   Yes.

 5      Q.   What types of debt did you collect?  Only

 6  consumer debts or commercial and consumer?

 7      A.   Mortgages.

 8      Q.   Only mortgages?

 9      A.   Yes.

10      Q.   Was it for a specific company -- for a specific

11  mortgage company?

12      A.   I am not allowed to tell you that.  I signed

13  documents regarding that.

14      Q.   That's fine.  During what time frame did you

15  work for West Asset Management?

16      A.   October of 2006 to November of 2010 -- no,

17  2008.

18      Q.   October --

19      A.   October 2008.

20      Q.   Prior to West Asset Management who did you work

21  for?

22      A.   Teletech.

23      Q.   And what kind of business does Teletech do?

24      A.   Health care.

25      Q.   What was your position at Teletech?
```

Ben Hyatt Certified Deposition Reporters
888.272.0022   818.343.7040   Fax 818.343.7119   www.benhyatt.com

```
 1              THE DEPONENT:  No.

 2      BY MR. JOHANSSON:

 3          Q.    Do you know if West Asset Management were sued

 4      while you worked there for FDCPA violations?

 5          A.    Yes.

 6          Q.    But you had nothing to do with those lawsuits?

 7              MR. SIDER:  Objection.  Vague.  But please do

 8      answer.

 9              THE DEPONENT:  I had nothing to do with them.

10      BY MR. JOHANSSON:

11          Q.    Why did you quit working for West Asset

12      Management?

13          A.    I went to work for Home Depot.

14          Q.    So you just switched jobs?

15          A.    Yes.

16          Q.    Was there any particular reason why you

17      switched jobs?

18          A.    Better hours.

19          Q.    Anything else?

20          A.    No.

21          Q.    Now, other than Sentry Credit, have you ever

22      been contacted by any other debt collectors?

23          A.    Yes.

24          Q.    Could you tell me how many other companies --

25      debt collection companies?
```

Ben Hyatt Certified Deposition Reporters
888.272.0022   818.343.7040   Fax 818.343.7119   www.benhyatt.com

Andrea Beard - 6/30/2011

1       A.    Are you asking a specific time frame or --

2       Q.    Say, in the last 10 years.

3       A.    Many.

4       Q.    Could you give me an estimate?

5       A.    No, I cannot.

6       Q.    More than 10?

7       A.    Yes.

8       Q.    More than 20?

9       A.    Yes.

10      Q.    Do you know the names of any of them?

11      A.    Not offhand.

12      Q.    Did any of the debt collection companies ever

13  file suit against you?

14      A.    No.

15      Q.    What types of debt was that regarding?

16  Consumer debts?

17      A.    It was a lot of debt -- a lot.  So, I mean,

18  that's hard to answer over 10 years.

19      Q.    What -- do you know how consumer debt is

20  defined?

21      A.    Yes, I do, but it was a lot of debt.

22      Q.    Was there any debt relating to a company you

23  owned?

24      A.    No.

25      Q.    Any debt relating to a business expense?

Ben Hyatt Certified Deposition Reporters
888.272.0022   818.343.7040   Fax 818.343.7119   www.benhyatt.com

Andrea Beard - 6/30/2011

1        Q.    How many times in one day?

2        A.    More than seven.

3        Q.    So if someone called you back in 2010 you had a

4    little thing so the number of the person that called

5    popped up; is that correct?

6        A.    Yes.

7        Q.    Is that how you know it was more than seven?

8        A.    No.

9        Q.    So how do you know that it was more than seven

10    calls from my client?

11        A.    It is just an estimation.

12        Q.    What time frame -- how many months was my

13    client calling you?

14            MR. SIDER:  I am going to object that is

15    vague.  But you can answer, please.

16            THE DEPONENT:  I would say more than five.

17    BY MR. JOHANSSON:

18        Q.    Do you recall what year?

19        A.    2010.

20            MR. SIDER:  Sorry.  go ahead.

21    BY MR. JOHANSSON:

22        Q.    Did you ever speak to anyone at Sentry Credit?

23        A.    Yes.

24        Q.    How many times did you have an actual

25    conversation with someone from Sentry Credit?

Ben Hyatt Certified Deposition Reporters
888.272.0022   818.343.7040   Fax 818.343.7119   www.benhyatt.com

1        A.    I don't recall how many.  I recall one, maybe

2    more.

3        Q.    Okay.  You said you specifically recall one

4    time?

5        A.    Yes.

6        Q.    Do you recall -- did the person from Sentry

7    Credit introduce themself?

8        A.    No.

9        Q.    How long did the conversation last for?

10       A.    Less than five minutes.

11       Q.    Was it a man or a woman who called you?

12       A.    A man.

13       Q.    Could you tell me about the contents of that

14    conversation?

15            MR. SIDER:   Objection.  Vague, calls for a

16    narrative response.  But you can, please, answer.

17            THE DEPONENT:   Conversation started when I told

18    the person that they were calling several times and they

19    were violating FDCPA.

20        BY MR. JOHANSSON:

21       Q.    And what did the person respond when you said

22    that?

23       A.    Basically that -- he responded very rudely to

24    me and I specifically told him that he shouldn't be

25    speaking to me like that.

Ben Hyatt Certified Deposition Reporters
888.272.0022    818.343.7040    Fax 818.343.7119    www.benhyatt.com

1    Q.    Thank you.  Now, other than this conversation

2    with a gentleman do you recall any other conversation

3    with anyone from Sentry Credit?

4        A.    No.

5        Q.    Do you know what type of debt they were calling

6    about -- Sentry Credit?

7        A.    No.

8        Q.    So as you sit here today you don't know which

9    debt it was?

10       A.    No.

11       Q.    And you don't know if you owe that debt or not?

12       A.    I am sure I owe a debt if they are calling.

13       Q.    But you don't know the specific debt they are

14   calling about?

15       A.    No.

16       Q.    Have you ever operated any business?

17       A.    Have I operated a business?

18       Q.    Yeah.

19       A.    No.

20       Q.    Let me ask you about the time frame.  I will

21   withdraw that.

22            While working for West Asset Management did you

23   ever pay for any business expenses using your credit

24   card?

25       A.    Yes.

Ben Hyatt Certified Deposition Reporters
888.272.0022   818.343.7040   Fax 818.343.7119   www.benhyatt.com

Andrea Beard - 6/30/2011

1    files.

2         Q.    How do you know that?

3         A.    Because we have had it done before.

4         Q.    You did it?

5         A.    No.  But you contact the supervisor and the

6    supervisor erases it.

7         Q.    So co-workers at West Asset Management did it?

8         A.    Yes.  Not co-workers but the managers or

9    supervisors.

10        Q.    Did you ever write to Sentry Credit and say,

11   "Stop calling me"?

12        A.    No.

13        Q.    And why not?

14             MR. SIDER:  Objection.  Argumentative.  But you

15   can answer, please.

16             THE DEPONENT:  I just didn't.

17        BY MR. JOHANSSON:

18        Q.    No particular reason?

19        A.    No.

20        Q.    Off the record.

21             (Off the record.)

22             MR. JOHANSSON:  I have just confirmed here with

23   Counsel that plaintiff is not seeking actual or

24   emotional distress damages in this case.

25             MR. SIDER:  I can confirm that.  For the

Page 33

1    record, my name is Jacob, last name Sider, S-i-d-e-r,

2    and I am not working for Krohn & Moss as an employee.  I

3    am a solo practitioner specially appearing.  Thank you.

4            MR. JOHANSSON:  And Mr. Sider actually called

5    Ryan Lee of Krohn & Moss to confirm that plaintiff

6    wasn't seeking actual -- is that correct?

7            MR. SIDER:  Yes, that's correct.

8            MR. JOHANSSON:  So, therefore, I am not going

9    to go into any questioning regarding any medical issues

10   and stuff.

11       BY MR. JOHANSSON:

12       Q.    Could you recall any contacts or any

13   communications between you and Sentry Credit that I have

14   not discussed here with you today?

15       A.    No.

16       Q.    I think that is all I have.

17               EXAMINATION BY MR. SIDER:

18       Q.    If I may ask a couple of questions -- and also,

19   as Mr. Johansson said earlier, I will caution you if

20   there is anything that you answer here that conflicts

21   with anything you said earlier it could be used to

22   reduce your credibility, which is certainly not my goal.

23   I just want to clarify a couple of things.

24            Do you have an understanding of what the term

25   "consumer debt" means?

Ben Hyatt Certified Deposition Reporters
888.272.0022   818.343.7040   Fax 818.343.7119   www.benhyatt.com

## FEDERAL COURT PROOF OF SERVICE
*Andrea Beard v. Sentry Credit, Inc. - File No. 6234-8159*

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    At the time of service, I was over 18 years of age and not a party to the action. My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, California 90012. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

    On October 21, 2011, I served the following document(s): **DECLARATION OF STEPHEN H. TURNER**

    I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Ryan Lee, Esq.
KROHN & MOSS LTD.
10474 Santa Monica Blvd
Suite 401
Los Angeles, CA 90025
Tel:  (323) 988-2400, Ext. 241
Fax:  (866) 861-1390
rlee@consumerlawcenter.com

    The documents were served by the following means:

[X]    (BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

[X]    (BY PERSONAL SERVICE)  I caused the document to be personally served to the persons at the addresses listed above. [X] For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or individual in charge of the office. [ ] For a party not represented by an attorney, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

    I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

    Executed on October 21, 2011, at Los Angeles, California.

ROSA E. ROJAS

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-1289-9340.1

-3-
**DECLARATION OF STEPHEN H. TURNER**