1  Ryan Lee
   Krohn & Moss, Ltd.
2  10474 Santa Monica Blvd.
   Suite 401
3  Los Angeles, CA 90025
   323-988-2400
4  Cal. Bar No. 235879
   rlee@consumerlawcenter.com
5

6

7                    **IN THE UNITED STATES DISTRICT COURT**
                        **EASTERN DISTRICT OF CALIFORNIA**
8

   ANDREA BEARD                        )
9                                      )
                                       )      Case No. 2:10-02218-KJM-GGH
10                                     )      Hon. Kimberly J. Mueller
              Plaintiff,               )      Courtroom 3
11                                     )
       v.                              )
12                                     )      PLAINTIFF'S BRIEF IN
                                       )      OPPOSITION TO DEFENDANT'S
13  SENTRY CREDIT, INC.                )      MOTION FOR SUMMARY
                                       )      JUDGMENT
14                                     )
              Defendant.               )
15                                     )      ACTION FILED:    8/18/2010
                                       )      TRIAL DATE:      N/A
16                                     )
                                       )
17  _____  )

18

19

20

21

22

23

24

25

26

# <u>TABLE OF CONTENTS</u>

Page(s)

I. PLAINTIFF'S STATEMENT OF DISPUTED FACTS…………………………………………7

II. STANDARD OF REVIEW ……………………………………………………………….9

III. THE NINTH CIRCUIT APPLIES THE LEAST SOPHISTICATED
CONSUMER STANDARD AND STRICT LIABILITY………………………………..9

IV. TWO CENTRAL FACTUAL ISSUES PRECLUDE THE ENTRY OF
SUMMARY JUDGMENT IN THIS CASE……………………………………….........11

    A.   Genuine Disputes of Material Fact Exist as to Whether Defendant Was
       Required to Identify Itself in its Conversation with Plaintiff ……………..11

    B.   Genuine Disputes of Material Fact Exist as to the Number, Timing,
       and Pattern of Collection Calls ……………………………………...….13

V.  DEFENDANT FAILED TO MEET ITS BURDEN OF ESTABLISHING
THAT THERE IS NO GENUINE DISPUTE OF MATERIAL FACT
AS TO WHETHER DEFENDANT'S CONDUCT VIOLATED THE FDCPA………….14

    A.   Genuine Disputes of Material Fact Exist as to Whether Defendant
       Violated §§ 1692d .............................................…… ………………….14

        1. Repeated and Continuous Collection Calls Rank Number One
          in All Complaints Filed with the Federal Trade Commission. ……………14

        2. A Genuine Dispute of Material Fact Exists as to Whether Defendant
          Placed Collection Calls to Plaintiffs that Would Annoy, Abuse, or
          Harass the Least Sophisticated Consumer. ……………………………...15

    B.   Additional Genuine Disputes of Material Fact Exist as to Whether
       Defendant Violated § 1692d(5) of the FDCPA………………………..……17

        1. Courts Throughout the Nation in Various Contexts Routinely Hold
          that Intent May be Proven by Circumstantial Evidence……….…..............17

        2. Intent to Annoy, Harass and Abuse Is a Fact Issue Which May Be
          Proven By Circumstantial Evidence………………………………………..17

        3. Plaintiff Presented Circumstantial Evidence that Defendant
          Placed Collection Calls with the Intent to Annoy, Abuse
          and Harass ………………………………………………………..............18

    C.   Genuine Disputes of Material Fact Exist as to Whether Defendant's
       Conduct Violated § 1692d(6) of the FDCPA…..………………………..........20

    D.   Genuine Disputes of Material Fact Exist as to Whether Defendant's
       Conduct Violated § 1692e…………………………………... …………..........21

1

**VI. DEFENDANT FAILED TO MEET ITS BURDEN OF ESTABLISHING
   THAT THERE IS NO GENUINE DISPUTE OF MATERIAL FACT**
2   **AS TO WHETHER DEFENDANT'S CONDUCT VIOLATED THE RFDCPA**………23

3         **A.**     **Genuine Disputes of Material Fact Exist as to Whether Defendant's
               Conduct Violated § 1788.17**……………………………………………………..23
4
          **B.**     **Genuine Disputes of Material Fact Exist as to Whether Defendant's
5               Conduct Violated § 1788.11**……………………………………………………24

6   **V. CONCLUSION** ………………………………………………………….…...…………24

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

# TABLE OF AUTHORITIES

**Cases**                                                                         **Page(s)**

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986) ……………………………………………9

*Bassett v. I.C. System, Inc,* 2010 WL 2179175 (N.D. Ill. June 01, 2010)…………………….…16

*Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2nd Cir. 1993)…………………………...10

*Bingham v. Collection Bureau, Inc.*, 864 (D. N.D. 1981)……………………………………15, 17

*Bracken v. Harris & Zide, L.L.P.,* 219 F.R.D. 481, 484 (N.D. Cal. 2004)………………………..9

*Brown v. Card Svc. Ctr.,* 464 F.3d 450, 453 (3d Cir. 2006)…………………………………...22

*Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) …………………………………………………9

*Clark v. Capital Credit & Collection Serv.* (9th Cir. 2006) 460 F.3d 1162, 1171…………………9

*Costa v. Nat'l Action Fin. Srvcs.,* 2007 WL 4526510, *4 (E.D. Cal. Dec. 19, 2007)………...21, 23

*Davenport v. Univ. of Ark. Bd. of Trustees,* 553 F.3d 1110, 1112–13 (8th Cir.2009)……………..9

*Desert Palace, Inc. v. Costa,* 123 S.Ct. 2148, 539 U.S. 90 (S.Ct. 2003)…………………………17

*Dunham v. Portfolio Recovery Assoc., Inc.,* 2011 WL 6221857 (8th Cir. Dec. 15, 2011)………...7

*Dupuy v. Weltman, Weinberg & Reis Co.,* 442 F. Supp.2d 822 (N.D. Cal. 2006)………………..22

*Exposition Press, Inc. v. FTC,* 295 F.2d 869 (2nd Cir. 1961)……………………………………10

*FTC v. Raladam Co*., 316 U.S. 149 (1942)…………………………………………...………..10

*Gammon v. GC Services Ltd. Partnership*, 27 F. 3d 1254 (7th Cir. 1994)………………………10

*Gibson v. Grupo de Ariel, LLC*, 2006 WL 42369 (N.D. Tex. Jan. 9, 2006)……………………...10

*Graziano v. Harrison*, 950 F.2d 107 (3d Cir. 1991)……………………………………………...10

*Hosseinzadeh v. M.R.S. Assocs., Inc.,* 387 F. Supp. 2d 1104 (C.D. Cal. 2005)………………….21

*In re Jennings,* 553 F.3d 1333, 1339 (11th Cir. 2008)……………………………………………18

*Irwin* v. Mascott, *96 F. Supp. 2d* 968 (N.D. Cal. 1999)………………………………….......10

*Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168 (11th Cir. 1985)………………………………...10, 22

*Kavalin v. Global Credit & Collection Corp.,* WL 1260210 (W.D. N.Y. 2011)…………….........16

*Kerwin v. Remittance Assistance Corp.*, 559 F.Supp.2d 1117 (D. Nev. 2008)…………………...18

*Meadows v. Franklin Collection Service,* 2011 WL 479997 (11th Cir. February 11, 2011) ………………………………………………………………………..…7, 15-16, 17, 18-19

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1   *Morgan v. Credit Adjustment Board, Inc.,* 999 F. Supp. 803 (E.D. Va. 1998).........................22

2   *Nicholas v. Nationwide Credit, Inc.,* 2010 WL 503071, No. 09-60736 (S.D. Fla. Feb. 8, 2010)...18

3   *Pearce v. Rapid Check Collection, Inc.,* 738 F. Supp. 334 (D. S.D.1990)...........................20

4   *Penny v. Williams & Fudge, Inc.,* 2012 WL 43628 (M.D. Fl. Jan. 5, 2012)........................15

5   *Picht v. Hawks,* 77 F.Supp.2d 1041 (D. MN 1999)........................................................10

6   *Pratt v. CMRE Financial Services,* 4:10-cv-02332-CEJ (E.D. Mo. Mar. 30, 2011).................16

7   *Pratt v. CMRE,* 2012 WL 86957 (E.D. Mi. Jan. 11, 2012)..........................13-14, 16, 17, 20

8   *Rakes v. Life Investors Ins. Co. of America,* 582 F.3d 886, 893 (8th Cir. 2009).....................9

9   *Rawlinson v. Law Office of William M. Rodow, LLC,* 2012 WL 19666 (4th Cir. Jan. 5, 2012).....7

10  *Rogers v. Missouri Pacific R. Co.,* 352 U.S. 500 (1957)..............................................17

11  *Rose v. Clark,* 478 U.S. 570 (1986).......................................................................17

12  *Rucker v. Nationwide Credit, Inc.,* 2011 WL 25300 (E.D. Cal. Jan. 5, 2011).......................16

13  *Schaffhauser v. Citibank (S.D.) N.A.,* 2007 WL 2752141 (M.D. Pa. Sept. 19, 2007)...............22

14  *Swanson v. S. Oregon Credit Serv., Inc.,* 869 F.2d 1222, 1225 (9th Cir. 1989)......................9

15  *Taylor v. Perrin, Landry, deLaunay & Durand,* 103 F.3d 1232 (5th Cir. 1997).................10, 22

16  *Tucker v. CBE Group,* 710 F. Supp.2d 1301 (M.D. Fl. 2010).....................................18-20

17  *U.S. v. Central Adjustment Bureau, Inc.,* 667 F.Supp. 370 (N.D. Tex. 1986).......................17

18  *Van Westrienen v. Americontinental Collection Corp.,* 94 F. Supp.2d 1087 (D. Or. 2000)........22

19  *Volden v. Innovative Financial Systems, Inc.*, 440 F.3d 947, 955 (8th Cir. 2006)...................10

20  *Walker v. National Recovery, Inc*., 200 F. 3d 500 (7th Cir. 1999)...................................22

21  *Wiliams-Platt v. Bureau of Col. Recovery,* No. 09-3609 (D. Minn. June 15, 2011) ...............17

22  *Wright v. Credit Bureau of Georgia, Inc.,* 548 F. Supp. 591 (N.D. Ga. 1982).......................21

23  *Young v. Asset Acceptance, LLC,* No. 3:09-cv-02477-BH (May 10, 2011)…….......…….............18

24

25  **Statutes**                                                                                      **Page(s)**

26  15 U.S.C. § 45……………………………………………………………………………22

    15 U.S.C. § 1692b……………………………………………………………………11-12, 22

    15 U.S.C. § 1692c(a)(1) ……………………………………………………………………11

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

15 U.S.C. § 1692d ……………………………………………...11, 13, 14-17, 22

15 U.S.C. § 1692d(5) …………………………………………...11, 13, 14, 17-20

15 U.S.C. § 1692d(6) ……………………………………………...……11, 20-21

15 U.S.C. § 1692e …………………………………………………9, 11, 20, 21-22

15 U.S.C. § 1692e(14) ……………………………………………...…………11, 22

15 U.S.C. § 1692m ………………………………………………………………14

Fed. R. Civ. P. 56(c)………………………………………………....………..9

RFDCPA § 1788.11 ……………………………………...………11, 13, 24

RFDCPA § 1788.17 …………………………………………………11, 13, 23-24

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

NOW COMES Plaintiff, ANDREA BEARD ("Plaintiff") and hereby submits this brief in Opposition to the Motion for Summary Judgment of Defendant, SENTRY CREDIT. ("Defendant").

## I.      PLAINTIFF'S STATEMENT OF DISPUTED FACTS

Defendant began placing collection calls to Plaintiff in the Spring of 2010.  (PSDF ¶1).[1] Prior to the filing of this action in August of 2010, however, Defendant did not identify to Plaintiff the debt it was seeking to collect.  (PSDF ¶¶16-17).  In fact, as of the time of her deposition, Plaintiff was still unaware of what debt Defendant sought to collect – and thus was unable to confirm or deny owing the debt in question.[2]  (PSDF ¶16; RSUF ¶1).

Defendant's calls to Plaintiff continued for the period of approximately five months preceding Plaintiff's filing of this action.  (PSDF ¶1).  During that time, Plaintiff received daily phone calls from Defendant, and generally received seven or more calls per day.  (PSDF ¶¶1-2). Plaintiff thus received several hundred calls from Defendant in total.  (PSDF ¶2).  Plaintiff knew that the calls were all from Defendant (although she did not know Defendant's identity) because she quickly learned to recognize Defendant's number due to the large number of calls she was receiving.  (PSDF ¶¶3-4).

On July 14, 2010, Defendant placed a collection call to Plaintiff, which she answered. (PSDF ¶5).  Defendant did not identify itself (its company name) on this call.  (PSDF ¶¶5, 12; Def. Motion at 1, 4, 9-11, 13).  The call began with the following exchange:

---

[1] As used herein, "PSDF" refers to Plaintiff's Separate Statement of Disputed Facts, filed herewith.  As used herein, "RSUF" refers to Plaintiff's Response to Defendant's Separate Statement of Undisputed Facts, also filed herewith.  Finally, as used herein, "DSUF" refers to Defendant's Separate Statement of Undisputed Facts, filed with Defendant's Motion for Summary Judgment.

[2] Plaintiff confirmed at her deposition, however, that any debt Defendant might be seeking to collect was necessarily a consumer debt, as she had never taken on any business debt.  (PSDF ¶19).  Moreover, Defendant does not argue that it is entitled to summary judgment because Plaintiff may be a non-debtor (in fact, Defendant argues that it is confirmed that Plaintiff owes the debt in question).  Even if it did, however, it is now well-established that non-debtors are also entitled to the protections of the FDCPA.  *See*, e.g., *Rawlinson v. Law Office of William M. Rodow, LLC,* 2012 WL 19666 (4th Cir. Jan. 5, 2012); *Meadows v. Franklin Collection Service,* No. 10-13474, 2011 WL 479997 at *3 (11th Cir. Feb. 11, 2011); *Dunham v. Portfolio Recovery Assoc., Inc.*, 2011 WL 6221857 (8th Cir. Dec. 15, 2011).

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Agent:     Hello, Andrea?
Plaintiff:   Yes. [continues speaking.]

(PSDF ¶6).  Despite Plaintiff identifying herself, Defendant repeatedly asked Plaintiff to confirm her identity throughout the first half of the call.  (PSDF ¶7).  Plaintiff did not respond to every such request because she had already confirmed her identity.  However, she did confirm her identity again midway through the call – a confirmation which Defendant's agent acknowledged – and repeatedly told Defendant that she believed the calls violated that law, and repeatedly instructed Defendant not to call again.  (PSDF ¶¶8, 11).  For example, near the middle of the call, the following exchange occurred:

Agent:     Is this Andrea Beard? [overlapping]
Plaintiff: [overlapping] It's against the law.  Uh, it's against the
               law, and I wish you do not call here anymore.
Agent:     Is this –
Plaintiff:  I'm going to report you.
Agent:   Okay. Okay, ma'am.  Is this Andrea – is this – okay?
               [overlapping]
Plaintiff:  I'm telling you that.  Do not call here anymore.
Agent:    Okay.  We will continue to call if this is still Andrea
               Beard. Uh, I'm going to continue to call.
                              . . . .
Plaintiff:   And I do not want you to call.  And in the State of
               California –
Agent:      We can do it and we're going to do it.

(PSDF ¶9).  The call concluded with the following exchange:

Agent: . . . so good luck to you, and go ahead and report us.
               Thank you.
Plaintiff: Okay.  Well, don't call me anymore.

(PSDF ¶10).  Despite Plaintiff's  instructions, the calls continued.  Defendant admits that it placed three collection calls to Plaintiff after this July 14, 2010 conversation.  (PSDF ¶13).

Plaintiff does not specifically remember any other conversations with Defendant, although she testified that there may have been more.  (RSUF ¶17).  However, at least ten times, Plaintiff answered a call from Defendant, was connected to an agent, instructed the agent not to call again, and hung up.  (PSDF ¶14).  Additionally, Plaintiff received more than seven voicemail messages from Defendant, in which Defendant stated that it was seeking to collect a debt.  (PSDF ¶18).

8

II.    **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure provide for summary judgment when the evidence available shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In determining whether a genuine dispute of material fact exists, the court construes all facts in the light most favorable to the nonmoving party and draws all reasonable and justifiable inferences in that party's favor.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Rakes v. Life Investors Ins. Co. of America*, 582 F.3d 886, 893 (8th Cir. 2009).  Summary judgment is not proper if material factual issues exist. *Davenport v. Univ. of Ark. Bd. of Trustees*, 553 F.3d 1110, 1112–13 (8th Cir.2009).  The moving party bears the burden of proving the absence of any triable issue of fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).  The non-moving party defeats a motion for summary judgment by producing evidence "such that a reasonable jury could return a verdict" in his favor.  *Anderson*, 477 U.S. at 248; *Davenport*, 553 F.3d at 1112–13.

III.   **THE NINTH CIRCUIT APPLIES THE LEAST SOPHISTICATED CONSUMER STANDARD AND STRICT LIABILITY**

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  In determining whether debt collectors are liable under the FDCPA, the Ninth Circuit ruled that violations should be evaluated under the "least sophisticated debtor" standard.  *Swanson v. S. Oregon Credit Serv., Inc.* (9th Cir. 1989) 869 F.2d 1222, 1225.   The least sophisticated debtor standard is objective and meant to protect all consumers, "the gullible as well as the shrewd…the ignorant, the unthinking and the credulous." *Clark v. Capital Credit & Collection Serv.* (9th Cir. 2006) 460 F.3d 1162, 1171.  Using this standard, a court must ask whether the information provided by the debt collector or the actions of the debt collector are confusing or misleading to the least sophisticated debtor.  *Id.*  Because FDPA was modeled after the Truth-in-Lending Act ("TILA"), courts often look to TILA cases in deciding FDCPA claims. *Bracken v. Harris & Zide, L.L.P.* (N.D. Cal. 2004) 219 F.R.D. 481, 484.  Lastly,

9

1  "[t]he FDCPA is a strict liability statute." *Irwin v. Mascott* (N.D. Cal. 2000) 112 F. Supp.2d 937,

2  963.  A plaintiff need not prove either that the defendant knew that their debt collection practices

3  were illegal or that they intended to violate the law.  *Id.*

4  Using the aforementioned principles, a court must ask whether the actions of the debt

5  collector were harassing to the least sophisticated debtor.  *See Jeter,* 760 F. 2d at 1168 (11th Cir.

6  1985) (applying the "least sophisticated" consumer standard);  *Graziano v. Harrison*, 950 F.2d 107

7  (3d Cir. 1991) (noting that statutory notice under FDCPA is to be interpreted from perspective of

8  "least sophisticated debtor" standard);  *Gammon v. GC Services Ltd. Partnership*, 27 F.3d 1254

9  (7th Cir. 1994) (using the "unsophisticated consumer," rather than the "least sophisticated

10  consumer," in order to protect consumers who are uninformed, naive or trusting, while admitting

11  objective element of reasonableness).  In the instant case, applying the FDCPA in the liberal

12  manner, Defendant's conduct, viewed in a light most favorable to Plaintiff and under the least

13  sophisticated debtor standard, violated the FDCPA.

14  This standard, together with strict liability under the Act, "serves the dual purpose of

15  protecting all consumers, including the inexperienced, the untrained and the credulous, from

16  deceptive debt collection practices and protecting debt collectors against liability for bizarre or

17  idiosyncratic consumer interpretations of collection materials." *Volden v. Innovative Financial*

18  *Systems, Inc.*, 440 F.3d 947, 955 (8th Cir. 2006); s*ee also Gammon v. GC Services Ltd.*

19  *Partnership*, 27 F. 3d 1254 (7th Cir. 1994); *Picht v. Hawks*, 77 F. Supp.2d 1041, 1043 (D. MN

20  1999) ("The FDCPA is a remedial, strict liability statute which was intended to be applied in a

21  liberal manner") citing *FTC v. Raladam Co*., 316 U.S. 149, 151-52 (1942); *Exposition Press, Inc.*

22  *v. FTC*, 295 F.2d 869, 873 (2nd Cir. 1961), cert. denied, 370 U.S. 917 (1962).

23  Additionally, "[a] single violation of any provision of the Act is sufficient to establish civil

24  liability under the FDCPA."  *Gibson v. Grupo de Ariel, LLC*, 2006 WL 42369, *1 n. 2 (N.D. Tex.

25  Jan. 9, 2006) quoting *Taylor*, 103 F.3d at 238; *see also Bentley v. Great Lakes Collection Bureau*,

26  6 F.3d 60, 62 (2nd Cir. 1993) ("Proof of one violation is sufficient to support a finding of

summary judgment in favor of the Plaintiff in an FDCPA action").

## IV. TWO CENTRAL FACTUAL ISSUES PRECLUDE THE ENTRY OF SUMMARY JUDGMENT IN THIS CASE.

Defendant argues that there are no genuine disputes of fact on each of Plaintiff's claims. Although these arguments take various forms on each claim, the bulk of Defendant's arguments center on two primary mistakes: 1) Defendant argues that it was not required to identify itself in its conversation with Plaintiff because she did not confirm her identity, although the transcript of the call shows two such confirmations, one of which Defendant acknowledged; and 2) Defendant argues that only 13 calls occurred, all at convenient times, because Defendant has testified that this is what occurred, despite Plaintiff's testimony directly to the contrary. Once Defendant's two fundamental mistakes are understood, it becomes clear that genuine disputes of material fact exist as to each of Plaintiff's claims.[3] In fact, these same two factual disputes preclude summary judgment under FDCPA §§ 1692d (repeated, continuous, and harassing phone calls), 1692d(5) (calls with an intent to harass), 1692d(6) (calls without disclosure of debt collector's identity), and 1692e (deceptive or misleading representations), as well as under RFDCPA §§ 1788.11(b) (calls without disclosure of debt collector's identity), 1788.11(d) (repeated or continuous calls to annoy), and 1788.17 (incorporating FDCPA into California law).

### A. Genuine Disputes of Material Fact Exist as to Whether Defendant Was Required to Identify Itself in its Conversation with Plaintiff.

Defendant argues repeatedly in its motion for summary judgment that it was not required to identify itself in its telephone conversation with Plaintiff and, in fact, was required not to do so. As set forth in detail below, this same factual argument underlies Defendant's motion as to FDCPA §§ 1692d(6) (calls without disclosure of debt collector's identity) and 1692e (deceptive or misleading representations), as well as under RFDCPA §§ 1788.11(b) (calls without disclosure of debt collector's identity) and 1788.17 (incorporating FDCPA into California law). Defendant's reasoning is that the FDCPA, §1692b, mandates that a debt collector may not identify its company name or state that it is seeking to collect a debt if it is speaking to anyone other than the debtor.

---

[3] In addition to the claims discussed herein, Plaintiff's Complaint also contained claims under §§ c(a)(1) and 1692e(14) of the FDCPA and § 1788.11(e) of the RFDCPA. Now that discovery has concluded, Plaintiff withdraws these claims.

11

1  Thus, Defendant argues, because "the person who answered the phone" at Plaintiff's number

2  refused to confirm that she was Andrea Beard, it could not disclose its company name.

3      The fundamental problem with Defendant's argument is that Plaintiff **did** confirm her

4  identity twice in this call, as confirmed by the recording which Defendant produced in this action.

5  Plaintiff's first such confirmation was immediately upon answering Defendant's telephone call.  In

6  fact, the recording produced by Defendant begins:

7
        Agent:     Hello, Andrea?
        Plaintiff:   Yes. [continues speaking.]
8

9  (PSDF ¶6).  Thus, the first thing that Plaintiff did on this call was identify herself, and § 1692b

10  does not apply.  Defendant's argument thus has no merit.  Further, several times throughout the

11  first half of the call, Defendant's representative attempted to interrupt Plaintiff to again ask her to

12  confirm her identity.  (PSDF ¶7).  Plaintiff did not respond to every request, because she had

13  already confirmed her identity at the beginning of the call.

14      Plaintiff did, however, confirm her identity again partway through the call, and asked

15  Defendant to stop calling.  This time, Defendant's agent **_acknowledged_** that she had confirmed her

16  identity, but responded that since she was Andrea Beard, Defendant was going to keep calling

17  despite her instruction to stop:

18
        Agent:     Is this Andrea Beard? [overlapping]
        Plaintiff:   [overlapping] It's against the law.  Uh, it's against the
19          law, and I wish you do not call here anymore.
        Agent:     Is this –
20          Plaintiff:   I'm going to report you.
        Agent:     Okay. Okay, ma'am.  Is this Andrea – is this – okay?
21          [overlapping]
        Plaintiff:   I'm telling you that.  Do not call here anymore.
22          Agent:     Okay.  We will continue to call if this is still Andrea
        Beard. Uh, I'm going to continue to call.
23

24  (PSDF ¶9).  Based on the transcript, at a bare minimum there is a genuine fact dispute as to

25  whether Plaintiff confirmed her identity and whether Defendant was required to identify itself.

26

**B.      Genuine Disputes of Material Fact Exist as to the Number, Timing, and Pattern of Collection Calls.**

Defendant likewise errs in the second argument which runs throughout its entire brief: Defendant's argument that it is undisputed that there were only 13 calls to Plaintiff, and that these 13 calls are, exclusively, the calls referenced in Defendant's log.  As set forth below, this same factual argument underlies Defendant's motion as to FDCPA §§ 1692d (repeated, continuous, and harassing phone calls), and 1692d(5) (calls with an intent to harass), as well as under RFDCPA §§ 1788.11(d) (repeated or continuous calls to annoy) and 1788.17 (incorporating FDCPA into California law).  This set of facts, however, is simply Defendant's side of the story:  Plaintiff has testified to an entirely different version of events.  These questions are thus the very definition of a genuine dispute of material fact.

Despite Defendant's version of events, Plaintiff has testified that she received roughly seven calls a day from Defendant for a period of five months.  (PSDF ¶¶1-2).  Plaintiff thus testified that she estimates that she received a total of several hundred calls from Defendant. (PSDF ¶2).  She testified that, although she has received calls from multiple debt collectors, she was able to confirm that these calls were all from Defendant because she learned to recognize Defendant's number due to the high volume of calls.  (PSDF ¶3).

Additionally, many of the calls Plaintiff received from Defendant occurred after her telephone conversation with Defendant (Defendant's own evidence shows three calls after this conversation).  (PSDF ¶¶13-14).  This is significant because the transcript and recording of that call, produced by Defendant, clearly shows Plaintiff repeatedly directing Defendant not to call again.  (PSDF ¶¶9-11).

Contrary to Defendant's implication, Plaintiff's testimony is sufficient to create a genuine dispute of fact as to the volume, pattern, and timing of Defendant's calls.[4]  Defendant overlooks

---

[4] Plaintiff does not recall the specific dates and times of the hundreds of calls she received. However, as the court stated in *Pratt*, "The plaintiff's inability to recall the dates and times of specific phone calls does not preclude a finding of liability . . . but may be relevant to plaintiff's credibility, a factor which the Court cannot consider at the summary judgment stage.  *Pratt v. CMRE*, 2012 WL 86957 (E.D. Mi. Jan. 11, 2012).

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1  the fact that Plaintiff's *is evidence* in support of her version of events.  Importantly, in the most

2  recent case on this issue, *Pratt v. CMRE*, 2012 WL 86957 at *2-3 (E.D. Mi. Jan. 11, 2012), the

3  court held that an issue of fact as to the harassing nature of the defendant's calls was present,

4  preventing summary judgment, where the defendant's call log showed only 17 calls but the

5  plaintiff, who was unable to obtain his telephone records, testified that he received an estimated

6  65-70 calls.

7      The situation here is strikingly similar to that in *Pratt*:  The Defendant's call log must be

8  weighed against Plaintiff's testimony to determine the actual volume and pattern of calls.  Thus, as

9  in *Pratt*, here Defendant's "uncontroverted" evidence refers simply to its own evidence, regardless

10  of the evidence on the other side.  There are therefore genuine disputes of fact on these questions.

**V.     DEFENDANT FAILED TO MEET ITS BURDEN OF ESTABLISHING THAT THERE IS NO GENUINE DISPUTE OF MATERIAL FACT AS TO WHETHER DEFENDANT'S CONDUCT VIOLATED THE FDCPA.**

**A.     Genuine Disputes of Material Fact Exist as to Whether Defendant Violated § 1692d.**

15     A genuine dispute of fact exists as to whether Defendant's conduct had the natural

16  consequence to annoy, abuse and harass Plaintiff, as required for liability under § 1692d.

17  Significantly, and contrary to Defendant's implication in its brief, the intent to harass is ***not***

18  required for a claim under this section. 15 U.S.C. § 1692d.  In fact, Defendant makes no separate

19  argument as to Plaintiff's claim under § 1692d, instead simply conflating this section with §

20  1692d(5).  For this reason alone, Defendant's motion for summary judgment on this claim should

21  be denied.  In addition, however, Plaintiff has presented more-than-sufficient evidence to create

22  genuine disputes of fact on this claim, precluding summary judgment.

**1.     Repeated and Continuous Collection Calls Rank Number One in All Complaints Filed with the Federal Trade Commission.**

25     Pursuant to § 1692m of the FDCPA, the Federal Trade Commission ("FTC") is required to

26  submit an annual report to Congress regarding the administration of its functions, including

recommendations, and report on industry compliance.  15 U.S.C. § 1692m; FTC, FTC Annual

Report 2011: FDCPA, U.S. FTC ("FTC Report.") at n. 1, *available at*

1    http://www.ftc.gov/os/2011/03/110321fairdebtcollectreport.pdf. According to the FTC Report, the

2    "FTC receives more complaints about the debt collection industry than any other specific

3    industry." *Id*. at 4 (emphasis added).  In 2010, the FTC received 140,036 complaints alone.  *Id*. at

4    20.  Despite this shocking number, the FTC reports that this total number of consumer complaints

5    "may understate the extent to which the practices of debt collectors violate the law" because due to

6    ignorance of the law, many consumers do not report debt collectors' unlawful acts.  *Id.* at 3.

7        As a result, the FTC examined the debt collection complaints filed in 2010 and found that

8    consumers complained most of repeated and continuous calling.  The FTC noted that each year,

9    nearly half of all complaints involved harassment via repeated, continuous phone calls. *Id*. at 6.

10           **2.    A Genuine Dispute of Material Fact Exists as to Whether Defendant
                      Placed Collection Calls to Plaintiff that Would Annoy, Abuse, or
11                    Harass the Least Sophisticated Consumer.**

12       Plaintiff presented sufficient evidence establishing that the natural consequence of

13   Defendant's conduct was annoying, harassing, or abusive.  As discussed above, there are genuine

14   disputes of fact as to the number and pattern of Defendant's calls.

15       Even Defendant's admitted thirteen calls, however, are sufficient to defeat summary

16   judgment on this issue.  Indeed, under the proper circumstances, even a single call can constitute

17   unreasonable harassment.  *Bingham v. Collection Bureau, Inc.,* 505 F. Supp. 864, 873 (D. N.D.

18   1981) (a single subsequent call immediately after another call could constitute harassment

19   regardless of the content of the call).

20       A majority of courts throughout the nation recognize that whether the nature and frequency

21   of debt collection calls is unreasonable, or constitutes harassment (*i.e.*, repeated or continuous

22   calls under § 1692d), *is a factual issue for the jury*.  For example, in *Penny v. Williams & Fudge,*

23   *Inc.*, 2012 WL 43628 (M.D. Fl. Jan. 5, 2012), the court noted that claims under § 1692d turn on

24   "the totality of the conduct between the parties. The general harassment provision is broadly

25   drawn and remedial, and whether conduct harasses, oppresses, or abuses will ordinarily be a

26   question for the jury."  2012 WL 43628 at *7, *see also*, *e.g.*, *Meadows v. Franklin Collection*

     *Service,* No. 10-13474, 2011 WL 479997 at *3 (11th Cir. Feb. 11, 2011) (reversing district court,

instead finding that call history created an issue of fact);[5] *Pratt v. CMRE*, 2012 WL 86957 (E.D. Mi. Jan. 11, 2012) (whether calls constitute harassment issue of fact for the jury); *Kavalin v. Global Credit & Collection Corp.*, WL 1260210 at *4-5 (W.D.N.Y. Mar. 31, 2011) (same) *Pratt v. CMRE Financial Services*, 4:10-cv-02332-CEJ (E.D. Mo. Mar. 30, 2011) (same); *Rucker v. Nationwide Credit, Inc.,* 2011 WL 25300 (E.D. Cal. 2011) (number of calls created an issue of fact under § 1692d(5)); *Bassett v. I.C. System, Inc.,* 715 F. Supp.2d 803 (N.D. Ill. 2010) (same).

On February 11, 2011, the Eleventh Circuit Court of Appeals addressed the issue of harassment under the FDCPA. *Meadows v. Franklin Collection Service*, 2011 WL 479997 at *3. In *Meadows*, the district court concluded, as a matter of law, that the collection agency's calls were not unreasonable, and did not constitute harassment. The Eleventh Circuit, however, held that the reasonableness of the calls was a question of fact, and should be left to the jury. *Id*.

In *Meadows*, the Eleventh Circuit also put to rest Defendant's argument that because only one voicemail message was left and only one conversation occurred, its calls could not have been harassing. The *Meadows* court held that unanswered calls can constitute harassment under the FDCPA. *Meadows*, 2011 WL 479997 at *3. The court opined:

> We reject Franklin's contention that its telephone calls were not harassing because Meadows did not answer them. The plain language of § 1692d prohibits "causing a telephone to ring ... with intent to annoy, abuse or harass any person at the called number." (emphasis supplied in the original). The statute itself recognizes that answering the phone is not necessary for there to be harassment. **This makes good sense because a ringing telephone, even if screened and unanswered, can be harassing, especially if it rings on a consistent basis over a prolonged period of time**.

*Meadows,* WL 479997 at *3 (emphasis added).

Thus, even solely on the basis of the thirteen calls it admits, Defendant cannot obtain summary judgment. But, as discussed, Plaintiff has testified of many more calls. *See supra*.

Finally, even a single violation is sufficient to trigger liability under the FDCPA. Here, as discussed above, Defendant admits that it placed at least three calls after the recorded telephone conversation with Plaintiff. (PSDF ¶¶1-2). The recording of that call contains Plaintiff's repeated

---

[5] While the *Meadows* opinion was not published, per Fed. R. App. P. 32.1 and 11th Cir. R. 36-2, Plaintiff may properly rely upon and cite the decision to this Court.

1    instructions to stop calling.  (PSDF ¶¶9-11).  Plaintiff also testified that she instructed Defendant

2    to stop calling on at least ten other occasions.  (PSDF ¶19).  Defendant's admission thus is, in and

3    of itself, sufficient to preclude summary judgment on this issue.  As other courts have held, ***even a***

4    ***single phone call after an instruction to stop can constitute harassment*** under the FDCPA.

5    *Bingham v. Collection Bureau, Inc.,* 505 F. Supp. 864, 873 (D. N.D. 1981) (single subsequent call

6    after instruction to stop could be harassment).

7         **B.     Additional Genuine Disputes of Material Fact Exist as to Whether Defendant
              Violated § 1692d(5) of the FDCPA.**

8

9              **1.     Courts Throughout the Nation in Various Contexts Routinely Hold that
                   Intent May be Proven by Circumstantial Evidence.**

10        It is basic, black-letter law across the nation that intent can be proven circumstantially.  As

11   the United States Supreme Court has recognized, "[c]ircumstantial evidence is not only sufficient,

12   but may also be more certain, satisfying and persuasive than direct evidence." *Rogers v. Missouri*

13   *Pacific R. Co.,* 352 U.S. 500, 508, n. 17 (1957); *see also*, *e.g.*,  *Desert Palace, Inc. v. Costa,* 123

14   S.Ct. 2148, 539 U.S. 90 (S.Ct. 2003);  *Rose v. Clark*, 478 U.S. 570, 581 (1986) (same).

15   Importantly, the Ninth Circuit consistently holds that "intent" can be shown by circumstantial

16   evidence.

17              **2.     Intent to Annoy, Harass and Abuse Is a Fact Issue Which May Be
                   Proven By Circumstantial Evidence.**

18

19        Defendant incorrectly argues that there is no evidence suggesting that Defendant was

20   calling Plaintiff with culpable intent.  Since no defendant would ever admit that it intended to

21   place telephone calls with the requisite intent, plaintiffs must rely on circumstantial evidence to

22   establish that a defendant placed calls with the intent to annoy, harass and abuse.  Numerous

23   courts throughout the nation thus recognize that intent to annoy, abuse, or harass plaintiffs may be

24   inferred from the nature, pattern, and frequency of debt collection calls.  *See*, *e.g.*, *Meadows v.*

25   *Franklin Collection Service,* 2011 WL 479997 (11th Cir. February 11, 2011); *Pratt*, 2012 WL

26   86957 at *3; *U.S v. Central Adjustment Bureau, Inc.,* 667 F. Supp. 370, 376 (N.D. Tex. 1986),

     *aff'd,* 823 F.2d 880 (5th Cir. 1987); *Williams-Platt v. Bureau of Collection Recovery,* Civ. No. 09-

     3609, (D. Minn. June 15, 2011) ("intent may be inferred from the volume and pattern of calls");

*Nicholas v. Nationwide Credit, Inc.,* 2010 WL 503071, Civ. No. 09-60736-CIV (S.D. Fla. Feb. 8, 2010) citing *In re Jennings,* 553 F.3d 1333, 1339 (11th Cir. 2008) (same).

Recently, another district court reaffirmed the notion that evidence of intent to annoy, harass or abuse can be found by analyzing the defendant's call history.  *See Young v. Asset Acceptance, LLC,* 2011 WL 1766058 (N.D. Tex.  2011).  The *Young* court held:

> To meet his summary judgment burden, Plaintiff must produce some evidence from which the intent to annoy, abuse, or harass may be inferred. ***The intent may be inferred*** from the frequency, pattern, or substance of the telephone calls that he received from the debt collector or place to which the calls were made.

*Young,* 2011 WL 1766058 (emphasis added), *citing Kerwin v. Remittance Assistance Corp.,* 559 F. Supp. 2d 1117, 1124 (D. Nev. 2008); (intent may be inferred from calls).

> ### 3. Plaintiff Presented Circumstantial Evidence that Defendant Placed Collection Calls with the Intent to Annoy, Abuse and Harass.

Plaintiff presented sufficient evidence establishing that Defendant acted with the intent to annoy, harass and abuse.  Defendant itself admits that wrongful intent can be inferred from the number of calls made.  (Motion at 8).  Defendant's sole argument on the issue of intent is thus the same as that on the issue of harassment:  Defendant argues that it is "undisputed" that it placed only thirteen calls, all at convenient hours.  As discussed above, however, the volume and pattern of calls are disputed issues in this case.  *See supra.*  These disputed facts are at least sufficient to raise a genuine dispute of material fact on intent.

Defendant relies heavily on *Tucker v. CBE Group*, 710 F. Supp.2d 1301 (M.D. Fl. 2010), to support its position that it did not have the requisite intent for § 1692d(5).  This case is not binding on this Court, and is out of step with the majority of courts throughout the nation, which recognize that whether the debt collector had the intent to harass is ***a fact issue for the jury***.  *See supra.*

Furthermore, the Eleventh Circuit in *Meadows* reached the opposite conclusion from the district court in *Tucker* on virtually the same fact pattern, thus implicitly overruling the prior decision from a district court within the Circuit.  For example, the plaintiff in *Tucker* was a non-debtor and the court said there could be no harassment because he knew the calls were for his

1  daughter and he never told the defendant to stop calling.  *Tucker v. The CBE Group*, 710 F. Supp.

2  at 1304.  *Meadows* did not endorse *Tucker*'s flawed reasoning that a person's non-debtor status

3  bars him or her from being harassed because they know they are not legally obligated to pay the

4  debt.  *See Tucker*, 710 F. Supp. at n.3 ("This is because the least sophisticated consumer would not

5  have believed that he was legally obligated to pay a debt incurred by his daughter as a result of

6  Defendant's voice messages").

7      Instead, the Eleventh Circuit in *Meadows* reversed the district court for this same

8  misplaced reasoning, finding that Meadow's non-debtor status explained *why* she did not answer

9  the phone, and was not bar to her being harassed by the calls.  *Meadows*, 2011 WL 479997 at *3

10  ("the reason Meadows did not answer the calls was because she had previously told Franklin

11  multiple times that she did not owe the debt and the debtors did not live with her. Thus, a

12  reasonable juror could find that Franklin's telephone calls were harassing even though Meadows

13  did not answer many of the calls").  In any event, in this case, Defendant argues that Plaintiff *is* the

14  debtor, rendering *Taylor* irrelevant to this case even if it were still good authority.

15      Additionally, Plaintiff respectfully submits that *Tucker* should not be relied upon because it

16  places burdens on consumers that were not articulated by Congress in enacting the FDCPA.  In

17  granting summary judgment as to the plaintiff's 1692d(5) claim, the *Tucker* court noted,

18  "Defendant was not notified that it could not reach Stacey Tucker at the relevant telephone

19  number and Plaintiff did not request that CBE cease calling."  *Tucker*, 710 F. Supp. at 1304.

20  Nowhere in the FDCPA does Congress impose a burden on the recipient of repeated or continuous

21  debt collection calls to inform the collector to stop calling or to correct the collector's errant

22  information.  There is also no affirmative defense in the FDCPA that will shield debt collectors

23  from liability if the recipient of unwanted and excessive phone calls fails to tell the collector to

24  stop calling.

25      That being said, as discussed above Plaintiff did, in fact, repeatedly request that Defendant

26  stop calling her.  Even Defendant's own records show at least three calls after the recorded

conversation between the parties, a conversation in which Plaintiff asked Defendant to stop calling

– instructions which Defendant's agent acknowledged, and expressly stated that Defendant

1    intended to ignore.  (PSDF ¶¶9-11).  As the court stated in *Pratt*, "Intent [to harass] may be

2    inferred by evidence that the debt collector continued to call after being asked not to call."  *Pratt*,

3    2012 WL 86957 at *3.  Again, this fact renders *Tucker* completely irrelevant here, even were it

4    still good law.

5           The FDCPA was enacted in 1977 to regulate the behavior of debt collectors -  not the

6    behavior of consumers.  The purpose of the Act is to "protect consumers from a host of unfair,

7    harassing, and deceptive debt collection practices without imposing unnecessary restrictions on

8    ethical debt collectors."  *Pearce v. Rapid Check Collection, Inc.,* 738 F. Supp. 334 (D. S.D.1990)

9    *citing* S.Rep. No. 95-382, at 1 (1977), U.S. Code Cong. & Admin.News 1977, pp. 1695, 1696.  Its

10   goal is "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt

11   collectors who refrain from using abusive debt collection practices are not competitively

12   disadvantaged, and to promote consistent state action to protect consumers against debt collection

13   abuses."  15 U.S.C. § 1692(e).

14          As evidenced by the Eleventh Circuit's decision in *Meadows*, the *Tucker* court's reasoning

15   and holding were based upon facts the court should not consider on summary judgment.

16   Regardless, these facts are simply not present here, and the question of intent to harass is an issue

17   of fact for the jury - not one that should be decided on summary judgment by reference to a burden

18   not imposed on a consumer or debtor under the Act.  *See supra* discussion regarding *Meadows*.

19   Accordingly, Plaintiff presented sufficient evidence raising a genuine dispute of material fact that

20   Defendant violated § 1692d(5) of the FDCPA.

21          **C.      Genuine Disputes of Material Fact Exist as to Whether Defendant's Conduct
                     Violated § 1692d(6).**

22

23          Genuine issues of material fact exist as to whether Defendant's debt collection practices

24   violated § 1692d(6) of the FDCPA.  Section 1692d(6) prohibits "the placement of telephone calls

25   without meaningful disclosure of the caller's identity."  15 U.S.C. § 1692d(6).  Specifically, there

26   are disputed material facts regarding whether Defendant failed to provide meaningful disclosure of

     its identity during the July 14, 2010 telephone call.

            Courts construing § 1692d(6) have uniformly held that it requires a debt collector to

1   disclose the caller's name,[6] the debt collection company's name, and the nature of the debt

2   collector's business.  *Costa v. Nat'l Action Fin. Srvcs.,* Civ. No. S-05-2084 FCD/KJM, 2007 WL

3   4526510, *4 (E.D. Cal. Dec. 19, 2007) (granting summary judgment to plaintiff where defendant

4   failed to disclose disclosure its identity as a debt collector and the nature of the call);

5   *Hosseinzadeh v. M.R.S. Assocs., Inc.,* 387 F. Supp. 2d 1104, 1112 (C.D. Cal. 2005) ("requires that

6   the caller must state his or her name and capacity, and disclose enough information so as not to

7   mislead the recipient as to the purpose of the call or the reason the questions are being asked.");

8   *Wright v. Credit Bureau of Georgia, Inc.,* 548 F. Supp. 591, 597 (N.D. Ga. 1982) ("the meaningful

9   disclosure required by § 1692d(6) has been made if an individual debt collector who is employed

10  by a debt collection company accurately discloses the name of her employer and the name of her

11  business and conceals no more than her real name").

12        In the present matter, it is undisputed that Defendant did not disclose its identity in the

13  single conversation which the parties both recall.  (PSDF ¶¶5, 12; Def. Motion at 1, 4, 9-11, 13).

14  Defendant's **only** argument that it was not required to make this disclosure is that "the person who

15  answered the call" did not confirm that she was Plaintiff, the debtor.  Again, this is simply another

16  variation on the same theme:  as discussed at length above, Plaintiff identified herself at the

17  beginning of the call, and again in the middle of the call – and the second time, Defendant's agent

18  acknowledged that she had done so.  *See* discussion *supra*.  Based on these facts, Plaintiff has

19  presented sufficient evidence raising a genuine dispute of material fact that defendant violated

20  §1692d(6) of the FDCPA.

21        **D.    Genuine Disputes of Material Fact Exist as to Whether Defendant's Conduct
            Violated § 1692e.**

22

23  Section 1692e provides in pertinent part:

24        A debt collector may not use any false, deceptive, or misleading
          representation or means in connection with the collection of any debt.
25        Without limiting the general application of the foregoing, the following
          conduct is a violation of this section:

26

---

[6] Callers are permitted to use a registered pseudonym in place of their actual name.  Plaintiff does not contend that Defendant violated this section by the failure to disclose the caller's given name, but by the failure to disclose Defendant's company name.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

15 U.S.C. §1692e.   Courts evaluate whether a debt collector's communication with a debtor complies with Section 1692e of the FDCPA by using the "least sophisticated debtor" standard discussed above.   *Taylor*, 103 F.3d at 1238.   This standard requires that courts consider the impression that the least sophisticated debtor would receive from the debt collector's communications.   *Brown v. Card Svc. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006); *see also Schaffhauser v. Citibank (S.D.) N.A.*, 2007 WL 2752141, at *3 (M.D. Pa. Sept. 19, 2007). Moreover, whether a communication is misleading under the FDCPA presents a question of law for the court; disputed facts must be resolved by a jury.   *See Dupuy v. Weltman, Weinberg & Reis Co.,* 442 F. Supp.2d 822, 824 (N.D. Cal. 2006) quoting *Van Westrienen v. Americontinental Collection Corp.,* 94 F. Supp.2d 1087, 1099 (D. Or. 2000).   However, as the Seventh Circuit held in *Walker v. National Recovery, Inc.*, 200 F. 3d 500, 503 (7th Cir. 1999), a jury must decide what "actual effect" a debt collector's statement had on the "unsophisticated consumer."   *Id.*

As with § 1692d, Defendant makes no separate argument as to § 1692e, instead making arguments only as to Plaintiff's (now waived) claim under § 1692e(14).   For this reason alone, Defendant's motion for summary judgment on this claim should be denied.

In applying section 1692e to this case, it is important to recognize that the drafters of the FDCPA borrowed the legal concept of deception from the Federal Trade Commission Act ("FTC Act").   *See* 15 U.S.C. § 45; *Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168 (11th Cir. 1985).   Because the FDCPA expressly recognized the inadequacy of existing laws, including the FTC Act, to protect consumers, the idea of deception encompassed by section 1692e was intended to be more protective of consumers than the law in place at the time the FDCPA was enacted, including FTC Act.   *See* 15 U.S.C. § 1692b; *see also Jeter,* 760 F.2d at 1168.   The proscription of deception developed by the FTC Act, and according decisions of courts discussing the same, is quite broad and approaches a requirement of merchants of honest openness and truthful frankness when dealing with consumers.   Many of the elements of common law fraud are irrelevant to an action for deception under section 1692e.   In particular, there is no requirement that intent to deceive be established.   Knowledge of a statement's falsity is not a necessary element to establish deception. The fact that a practice is customary does not prevent it from being deceptive. The "capacity" or

1   "tendency" to deceive is sufficient so that actual deception need not be shown to establish

2   damages. *See Morgan v. Credit Adjustment Board, Inc.,* 999 F. Supp. 803 (E.D. Va. 1998).

3          Here, Defendant failed to identify itself in the single extended telephone conversation

4   which the parties agree that it had with Plaintiff.  (PSDF ¶¶5, 12; Def. Motion at 1, 4, 9-11, 13).

5   In fact, Defendant never identified to Plaintiff, at any time, the debt that it is seeking to collect.

6   (PSDF ¶¶16-17).  As a consequence, Plaintiff testified at her deposition that she *still*, as she sat

7   there, did not know what debt Defendant sought to collect.[7]  (PSDF ¶16).  These statements,

8   actions, and omissions, at the very least, create genuine disputes of material fact as to whether the

9   least sophisticated consumer would be misled.  This Court should thus deny Defendant's motion

10   for summary judgment on this claim.

11

12   **VI.    DEFENDANT FAILED TO MEET ITS BURDEN OF ESTABLISHING THAT
         THERE IS NO GENUINE DISPUTE OF MATERIAL FACT AS TO WHETHER
13       DEFENDANT'S CONDUCT VIOLATED THE RFDCPA.**

14       **A.    Genuine Disputes of Material Fact Exist as to Whether Defendant's Conduct
              Violated § 1788.17.**

15          California's RFDCPA, Cal. Civ. § 1788.17 reads, in pertinent part: "… every debt

16   collector collecting or attempting to collect a consumer debt shall comply with the provisions of

17   §§ 1692b to 1692j, inclusive, of, and shall be subject to the remedies in § 1692k of, Title 15 of the

18   United States Code."  California thus incorporated the FDCPA into the RFDCPA under Cal. Civ.

19   Code § 1788.17.  Under this section, as Defendant admits in its brief, if the court finds that the

20   Defendant has violated any one of the FDCPA provisions discussed herein, it must also find that

21   the Defendant has violated the RFDCPA.

22          Because violations of FDCPA also constitute violations of RFDCPA, a court need only

23   refer to the alleged violations under FDCPA.  *Costa v. Nat'l Action Fin. Serv.*, 634 F. Supp.2d

24   1069 (E.D. Cal. 2007).  Thus, because genuine disputes of material fact are present under each of

25

26

---

[7] Defendant emphasizes, in its brief, that Plaintiff admitted in her deposition that she owed the debt in question.  This is not accurate – Plaintiff testified that she *assumed* that she owed a debt, but that she had no idea what the debt was that Defendant sought to collect.  (RSUF ¶1).

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1   Plaintiff's claims under the FDCPA, genuine disputes of material fact are present under § 1788.17

2   of the RFDCPA, as well, and this Court should deny summary judgment on this claim.

3         **B.**    **Genuine Disputes of Material Fact Exist as to Whether Defendant's Conduct Violated § 1788.11.**

4

5        Plaintiff brings claims under two subsections of RFDCPA § 1788.11:   §§ 1788.11(b),

6   1788.11(d).  RFDCPA § 1788.11 states, in relevant part:

7            No debt collector shall collect or attempt to collect a
             consumer debt by means of the following practices:

8

9            (b) Placing telephone calls without disclosure of the caller's
             identity, provided that an employee of a licensed collection agency
             may identify himself by using his registered alias name as long as he

10           correctly identifies the agency he represents; [or]

11

12           (d) Causing a telephone to ring repeatedly or continuously to
             annoy the person called[.]

13

14  Cal. Civ. Code § 1788.11.  As Defendant itself notes in its briefing, these sections essentially

15  mirror FDCPA §§ 1692d, 1692d(5), and 1692d(6).  (Def. Motion at 11).

16       Defendant's arguments likewise simply mimic its arguments under the relevant sections of

17  the FDCPA.  Defendant simply restates its two principal, and deeply flawed, arguments that 1)

18  Defendant's evidence of the volume and pattern of calls is undisputed, despite the fact that it is

19  contradicted by Plaintiff's testimony; and 2) Defendant was not required to identify itself because

20  Plaintiff did not confirm her own identity, despite the fact that Defendant's own recording of the

21  relevant conversation shows that she did so.  Thus, for all the reasons discussed above,

22  Defendant's arguments likewise fail as to § 1788.11 of the RFDCPA.  This Court should also deny

23  summary judgment as to this claim.

24  **VII.   CONCLUSION**

25       Defendant has failed to provide sufficient evidence to establish that there is no genuine

26  dispute of material fact or that it should be entitled to judgment as a matter of law.

    WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an order denying

1   Defendant's Motion for Summary Judgment and for any additional relief deemed just and

2   appropriate.

3

4                                          RESPECTFULLY SUBMITTED,

5   Dated: January 27, 2012              By:  /s/ Ryan Lee

6                                              Ryan Lee
                                               Krohn & Moss, Ltd.
7                                              10474 Santa Monica Blvd.
                                               Suite 401
8                                              Los Angeles, CA 90025
                                               323-988-2400
9                                              rlee@consumerlawcenter.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1

## CERTIFICATE OF SERVICE

2

3    I, Ryan Lee, hereby certify that a copy of the foregoing Plaintiff's Response in Opposition

4 to Defendant's Motion for Summary Judgment was sent via the CM/ECF SYSTEM to all parties

5 on January 27, 2012.

6                                                    By:  /s/ Ryan Lee

7                                                    Ryan Lee
                                                     Krohn & Moss, Ltd.
8                                                    10474 Santa Monica Blvd.
                                                     Suite 401
9                                                    Los Angeles, CA 90025
                                                     323-988-2400
10                                                   rlee@consumerlawcenter.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT