1 | **LEWIS BRISBOIS BISGAARD & SMITH LLP**
STEPHEN H. TURNER, SB# 89627
2 |   E-Mail: turner@lbbslaw.com
LINDSAY RYAN, SB# 258130
3 |   E-Mail: lryan@lbbslaw.com
221 North Figueroa Street, Suite 1200
4 | Los Angeles, California 90012
Telephone: 213.250.1800
5 | Facsimile: 213.250.7900

6 | Attorneys for Defendant SENTRY
CREDIT, INC.

7

8

9 |            UNITED STATES DISTRICT COURT

10 |    EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

11

| | |
|---|---|
| ANDREA BEARD, | CASE NO. 2:10-02218-KJM-GGH |
| Plaintiff, | The Hon. Kimberly J. Mueller Courtroom 9 |
| vs. | **DEFENDANT'S RESPONSE TO PLAINTIFF'S SEPARATE** |
| SENTRY CREDIT, INC., | **STATEMENT OF DISPUTED FACTS IN OPPOSITION TO** |
| Defendant. | **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| | Date:  February 10, 2012 |
| | Time:  10:00 a.m. |
| | Crtrm.: 3 |
| | Action Filed:  8/18/2010 |
| | Trial Date:     3/10/2012 |

22 |      Defendant SENTRY CREDIT, INC. (hereinafter "Sentry Credit") hereby

23 | submits the Defendant's Response to Plaintiff's Separate Statement of Disputed

24 | Facts in Opposition to Defendant's Motion for Summary Judgment.

25 | ///

26 | ///

27 | ///

28 | ///
4847-9834-8558.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANT'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED FACTS IN
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

| PLAINTIFF'S STATEMENT OF FACT AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF FACT AND SUPPORTING EVIDENCE |
|---|---|
| 1.  Defendant placed daily collection calls to Plaintiff over the course of the 5 months prior to the filing of this action, with Plaintiff receiving so many calls from Defendant that she "had to take the phone off the hook."<br><br>Deposition of Andrea Beard at 28 (Pl. Exh. 1). | 1.  Plaintiff's vague deposition testimony, which consists of nothing but estimates as to what *may* have occurred, unsupported by any documentary evidence, cannot create a triable issue of fact in the face of reliable, admissible documentary business records reflecting the exact number of phone calls placed, as well as recordings of those calls wherein live conversations took place. Indeed, Plaintiff does not cure these vague estimations in her deposition testimony by offering a more specific declaration as admissible evidence in support of her position that additional phone calls were placed that are not reflected in Defendant's business records.  Fed. R. Civ. Proc. 56(c)(2).  "While plaintiff's burden at the summary judgment stage is not great, he cannot simply rely on generalizations and conjecture."  *Davenport v. Bd. of Trs. Of the State Ctr. Cmty. College*, 654 |

2

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

F.Supp.2d 1073, 1101 (E.D. Cal. 2009). The Court need not draw *all* possible inferences in plaintiff's favor, only *reasonable* ones. *Villiarimo v. Aloha Island Air, Inc.i, 281 F.3d 1054, 1065* (9th Cir. 2002) (citing *O.S.C. Corp. v. Apple Computer, Inc.*, 792 F.2d 1464, 1466-67 (9th Cir. 1986) ("We scrutinize the evidence and reasonable inferences to determine whether there is sufficient probative evidence to permit 'a finding in favor of the opposing party based on more than mere speculation, conjecture, or fantasy.'"). Accordingly, this purported fact should be disregarded as unsupported.

Sentry Credit, Inc.'s Collection Notes, Exh. 1, Mathis Decl., ¶ 2.

| | |
|---|---|
| 2. Plaintiff frequently received seven or more calls from Defendant in a single day. She thus received several hundred calls from Defendant in total.<br><br>Deposition of Andrea Beard at 20-21, 28 (Pl. Ex. 1). | 2. This purported fact is not supported by the evidence cited. This purported fact is a factually false, and completely improper, mischaracterization of Plaintiff's deposition testimony, which, in fact, was inconsistent speculation. Indeed, Plaintiff testified as follows:<br>"Q. Number 12 says, |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   'Defendant placed up to

2   seven collection calls to

3   plaintiff every day.'  Is that

4   an accurate statement?

5   A.  It may be accurate.  It is

6   an estimate.

7   Q.  It is an estimate?

8   A.  Um-hum.

9   Q.  Do you know if Sentry

10  Credit called you multiple

11  times a day on several

12  occasions?

13  A.  They did.

14  Q.  How many times – how

15  many days would you

16  estimate there were multiple

17  calls for Sentry Credit?

18  A.  It was over a period of

19  months.  It was so many

20  calls that I had to take the

21  phone off the hook."

22      Notably, when asked if she

23  received seven calls a day, Plaintiff said,

24  "It may be accurate."  Later in her

25  testimony, on page 21, she estimates that

26  she received seven calls in one day, and

27  estimates that she received calls for five

28

DEFENDANT'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED FACTS IN
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

months, but she does not state that she received seven calls a day, everyday, for five months.  Moreover, Plaintiff, most definitely did not testify that she received "several hundred phone calls" from Defendants.  Thus, it was utterly inappropriate for Plaintiff to falsely misstate her testimony.

In addition to misrepresenting her testimony, Plaintiff also conveniently fails to advise the Court of other very explicit testimony she gave at her deposition, which is entirely inconsistent with Plaintiff's offered "fact."  Namely, early in her deposition, Plaintiff testified:

"Q.  How many times did Sentry Credit call you?

Mr. SIDER:  Objection. Assumes facts not in evidence, calls for speculation.  But you can, please, answer.

THE DEPONENT:  They called me several times.

BY MR. JOHANSSON"

Q.  When you say, 'several,' can you give me an

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  estimate?

2  A.  More than 10.

3  Q.  So less than 20?

4  A.  I am not sure."

5  Plaintiff's "fact" that she received

6  "several hundred calls" is entirely

7  unsupported by her testimony that

8  Defendant called her "several" times,

9  and that she is not sure if it was less than

10  20 calls or not.  It is sufficient to say that

11  Plaintiff never testified that Defendant

12  contacted her "several hundred times."

13  Furthermore, because of its speculative

14  and clearly contradictory nature,

15  Plaintiff's deposition testimony does not

16  raise a question of fact.  Plaintiff's vague

17  deposition testimony, which consists of

18  nothing but "estimates" as to what *may*

19  have occurred, unsupported by any

20  documentary evidence, cannot create a

21  triable issue of fact in the face of

22  reliable, admissible documentary

23  business records reflecting the exact

24  number of phone calls placed, as well as

25  recordings of those calls wherein live

26  conversations took place.  Indeed,

27  Plaintiff does not cure these vague

28

4847-9834-8558.1

6

DEFENDANT'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED FACTS IN
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    estimations in her deposition testimony

2    by offering a more specific declaration

3    as admissible evidence in support of her

4    position that more phone calls were

5    placed than are reflected in Defendant's

6    business records.  Fed. R. Civ. Proc.

7    56(c)(2).  "While plaintiff's burden at the

8    summary judgment stage is not great, he

9    cannot simply rely on generalizations

10   and conjecture." *Davenport v. Bd. of*

11   *Trs. Of the State Ctr. Cmty. College*, 654

12   F.Supp.2d 1073, 1101 (E.D. Cal. 2009).

13   The Court need not draw *all* possible

14   inferences in plaintiff's favor, only

15   *reasonable* ones. *Villiarimo v. Aloha*

16   *Island Air, Inc.i, 281 F.3d 1054, 1065*

17   (9th Cir. 2002) (citing *O.S.C. Corp. v.*

18   *Apple Computer, Inc.*, 792 F.2d 1464,

19   1466-67 (9th Cir. 1986) ("We scrutinize

20   the evidence and reasonable inferences

21   to determine whether there is sufficient

22   probative evidence to permit 'a finding

23   in favor of the opposing party based on

24   more than mere speculation, conjecture,

25   or fantasy.'").  Accordingly, this

26   purported fact should be disregarded as

27   unsupported by admissible evidence.

28

4847-9834-8558.1

7

DEFENDANT'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED FACTS IN
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | |
|---|---|
| | Deposition of Andrea Beard at 19, 28 (Pl. Ex. 1). |
| 3. Plaintiff quickly learned to recognize Defendant's phone number due to the high volume of calls she was receiving. She did not know until contacting an attorney, however, that the number belonged to Defendant.<br><br>Deposition of Andrea Beard at 19-20 (Pl. Ex. 1). | 3. Undisputed, but irrelevant and immaterial. |
| 4. Plaintiff did not know until contacting an attorney that the number from which the calls came belonged to Defendant.<br><br>Deposition of Andrea Beard at 19-20 (Pl. Ex. 1). | 4. Undisputed, but irrelevant and immaterial. |
| 5. On July 14, 2010, Defendant placed a collection call to Plaintiff, which she answered. Defendant did not identify itself on this call.<br><br>Deposition of Andrea Beard at 22 (Pl. Ex. 1); Transcript of 7/14/10 call (Pl. Ex. 2); Recording of 7/14/10 call (Ex. 2 to Decl. of Michael Mathis). | 5. Defendant does not dispute this fact to the extent that Defendant *attempted* to place a call to Plaintiff, which an individual answered. Nor does Defendant dispute that it did not identify itself on this call. However, the admissible evidence cited does not establish that the responding individual was Plaintiff, nor that Defendant was |

DEFENDANT'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED FACTS IN
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | |
|---|---|
| | aware of the responding individual's identity at the time of the call. See Objection No. 1 as to authenticity and admissibility of the Transcript of 7/14/10 call (Plaintiff's Exhibit 2). (The recording of the subject telephone call can speak for itself, and accordingly, the introduction of the transcript violates Fed. R. Evid., Rule 1004. Moreover, the transcript does not serve to establish the identity of the responding individual.) Indeed, it was because of the Defendant's inability to confirm the identity of the responding individual that Defendant could <u>not</u> disclose its identity or the reason for its call, because to do otherwise would risk improper third party disclosure. Accordingly, to the extent this purported fact asserts that Plaintiff was the responding individual, the fact should be disregarded as unsupported by admissible evidence.<br><br>Sentry Credit, Inc.'s Recordings, Exh. 2, Mathis Decl., ¶ 3. |
| 6.  The first words spoken on the call referenced in Paragraph 5 were | 6.  See Objection No. 1 as to authenticity and admissibility of the Transcript of |

DEFENDANT'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED FACTS IN
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | |
|---|---|
| Defendant's agent asking "Hello, Andrea?" and Plaintiff responding, "Yes."<br><br>Transcript of 7/14/10 call (Pl. Ex. 2); Recording of 7/14/10 call (Ex. 2 to Dec. of Michael Mathis). | 7/14/10 call (Plaintiff's Exhibit 2).  (The recording of the subject telephone call can speak for itself, and accordingly, the introduction of the transcript violates Fed. R. Evid., Rule 1004.  Moreover, the transcript does not establish the identity of the responding individual.)  Regardless, this fact is taken out of context.  As even the transcript evidences, the responding individual states the word "Yes," before continuing into a long introductory statement, which, as the recording best demonstrates, makes ambiguous whether the responding individual's statement of "Yes," is in response to the question as to whether she is Andrea Beard.  Indeed, the caller has to continually repeat the question "Is this Andrea Beard?" to confirm the responding party's identity before disclosing any information, to which the responding party never responds.  Accordingly, it is never confirmed that the responding party is Andrea Beard.  As this purported fact is both taken out of context and unsupported by evidence, admissible or |

DEFENDANT'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED FACTS IN
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | |
|---|---|
| | otherwise (in that the cited evidence does <u>not</u> establish that the responding party is Andrea Beard), this purported fact should be disregarded entirely.<br><br>Sentry Credit, Inc.'s Recordings, Exh. 2, Mathis Decl., ¶ 3. |
| 7.  Although Plaintiff confirmed her identity as described in Paragraph 6, Defendant's agent repeatedly asked Plaintiff to again confirm her identity throughout the first half of the call.<br><br>Transcript of 7/14/10 call (Pl. Ex. 2); Recording of 7/14/10 call (Ex. 2 to Dec. of Michael Mathis). | 7.  See Objection No. 1 as to authenticity and admissibility of the Transcript of 7/14/10 call (Plaintiff's Exhibit 2).  (The recording of the subject telephone call can speak for itself, and accordingly, the introduction of the transcript violates Fed. R. Evid., Rule 1004.  Moreover, the transcript does not establish the identity of the responding individual.)  As the recording best demonstrates, it is completely ambiguous whether the responding individual's statement of "Yes," is in response to the question as to whether she is Andrea Beard.  Indeed, this ambiguity is what causes the caller to continually repeat the question "Is this Andrea Beard?," which is undisputed, to confirm the responding party's identity before disclosing any information, to which the responding party never |

11

DEFENDANT'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED FACTS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | |
|---|---|
| | responds. Accordingly, it is never confirmed that the responding party is Andrea Beard. As this purported fact is unsupported by evidence, admissible or otherwise (in that the cited evidence does <u>not</u> establish that the responding party is Andrea Beard), this purported fact should be disregarded entirely. |
| | Sentry Credit, Inc.'s Recordings, Exh. 2, Mathis Decl., ¶ 3. |
| 8. Throughout the first half of the call described in Paragraph 5, Plaintiff repeatedly informed Defendant that she believed its calls violated the law.<br><br>Transcript of 7/14/10 call (Pl. Ex. 2); Recording of 7/14/10 (Ex. 2 to Dec. of Michael Mathis). | 8. This purported fact is unsupported by admissible evidence to the extent that the fact asserts that *Plaintiff* repeatedly informed Defendant that she believes its calls violated the law. Although the responding individual in the recording stated that she believed the calls violated the law, the admissible evidence cited does not establish that the responding individual was Plaintiff, nor that Defendant was aware of the responding individual's identity at the time of the call. See Objection No. 1 as to authenticity and admissibility of the Transcript of 7/14/10 call (Plaintiff's Exhibit 2). (The recording of the subject |

12

DEFENDANT'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED FACTS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | |
|---|---|
| | telephone call can speak for itself, and accordingly, the introduction of the transcript violates Fed. R. Evid., Rule 1004. Moreover, the transcript does not establish the identity of the responding individual.) Accordingly, to the extent this purported fact asserts that Plaintiff was the responding individual, the fact should be disregarded as unsupported by admissible evidence. The remainder of the fact is undisputed, but irrelevant and immaterial.<br><br>Sentry Credit, Inc.'s Recordings, Exh. 2, Mathis Decl., ¶ 3. |
| 9. The call described in Paragraph 5 also contains the following exchange:<br><br>    Agent: Is this Andrea Beard?<br>[overlapping]<br>    Plaintiff: [overlapping] It's against the law. Uh, it's against the law, and I wish you do not call here anymore.<br>    Agent: Is this –<br>    Plaintiff: I'm going to report you.<br>    Agent: Okay. Okay, ma'am. IS this Andrea – is this – okay? [overlapping]<br>    Plaintiff: I'm telling you that. Do not | 9. This purported fact is unsupported by admissible evidence to the extent that the fact asserts that *Plaintiff* made the statements. The admissible evidence cited does not establish that the responding individual was Plaintiff, nor that Defendant was aware of the responding individual's identity at the time of the call. See Objection No. 1 as to authenticity and admissibility of the Transcript of 7/14/10 call (Plaintiff's Exhibit 2). (The recording of the subject |

13

DEFENDANT'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED FACTS IN
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | |
|---|---|
| 1   call here anymore. | telephone call can speak for itself, and |
| 2      Agent:  Okay.  We will continue to | accordingly, the introduction of the |
| 3   call if this is still Andrea Beard.  Uh, I'm | transcript violates Fed. R. Evid., Rule |
| 4   going to continue to call. | 1004.  Moreover, the transcript does not |
| 5      . . . . | establish the identity of the responding |
| 6      Plaintiff:  And I do not want you to | individual.)  Accordingly, to the extent |
| 7   call.  And in the State of California – | this purported fact asserts that Plaintiff |
| 8      Agent:  We can do it and we're going | was the responding individual, the fact |
| 9   to do it. | should be disregarded as unsupported by |
| 10  | admissible evidence.  The remainder of |
| 11  Transcript of 7/14/10 call at 2-3 (Pl. Ex. | the fact – namely, the contents of the |
| 12  2); Recording of 7/14/10 call (Ex. 2 to | recording – are undisputed to the extent |
| 13  Dec. of Michael Mathis). | they are supported by the admissible |
| 14  | evidence cited – the recording itself. |
| 15  | |
| 16  | Sentry Credit, Inc.'s Recordings, Exh. 2, |
| 17  | Mathis Decl., ¶ 3. |
| 18  10.  The call described in Paragraph 5 | 10.  This purported fact is unsupported |
| 19  closes with the following exchange: | by admissible evidence to the extent that |
| 20     Agent: . . . so good luck to you, and go | the fact asserts that *Plaintiff* made the |
| 21  ahead and report us.  Thank you. | statements.  The admissible evidence |
| 22     Plaintiff:  Okay.  Well, don't call me | cited does not establish that the |
| 23  anymore. | responding individual was Plaintiff, nor |
| 24  | that Defendant was aware of the |
| 25  Transcript of 7/14/10 call (Pl. Ex. 2); | responding individual's identity at the |
| 26  Recording of 7/14/10 call (Ex. 2 to Decl. | time of the call.  See Objection No. 1 as |
| 27  of Michael Mathis). | to authenticity and admissibility of the |
| 28  | |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | |
|---|---|
| | Transcript of 7/14/10 call (Plaintiff's Exhibit 2). (The recording of the subject telephone call can speak for itself, and accordingly, the introduction of the transcript violates Fed. R. Evid., Rule 1004. Moreover, the transcript does not establish the identity of the responding individual.) Accordingly, to the extent this purported fact asserts that Plaintiff was the responding individual, the fact should be disregarded as unsupported by admissible evidence. The remainder of the fact – namely, the contents of the recording – are undisputed to the extent they are supported by the admissible evidence cited – the recording itself.<br><br>Sentry Credit, Inc.'s Recordings, Exh. 2, Mathis Decl., ¶ 3. |
| 11. Throughout the call described in Paragraph 5, Plaintiff repeatedly instructed Defendant not to call again.<br><br>Transcript of 7/14/10 call (Pl. Ex. 2); Recording of 7/14/10 call (Ex. 2 to Decl. of Michael Mathis). | 11. This purported fact is unsupported by admissible evidence to the extent that the fact asserts that *Plaintiff* instructed Defendant. The admissible evidence cited does not establish that the responding individual was Plaintiff, nor that Defendant was aware of the responding individual's identity at the |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | |
|---|---|
| | time of the call. See Objection No. 1 as to authenticity and admissibility of the Transcript of 7/14/10 call (Plaintiff's Exhibit 2). (The recording of the subject telephone call can speak for itself, and accordingly, the introduction of the transcript violates Fed. R. Evid., Rule 1004. Moreover, the transcript does not establish the identity of the responding individual.) Accordingly, to the extent this purported fact asserts that Plaintiff was the responding individual, the fact should be disregarded as unsupported by admissible evidence. The remainder of the fact – namely, the contents of the recording – are undisputed to the extent they are supported by the admissible evidence cited – the recording itself.<br><br>Sentry Credit, Inc.'s Recordings, Exh. 2, Mathis Decl., ¶ 3. |
| 12. Defendant admits that, on the call described in Paragraph 5, Defendant did not disclose its company name.<br><br>Transcript of 7/14/10 call (Pl. Ex. 2); Recording of 7/14/10 call (Ex. 2 to Decl. | 12. The evidence cited does not establish an admission on the part of Defendant, and therefore, this purported fact should be disregarded as unsupported by admissible evidence. However, to the extent this fact intends |

DEFENDANT'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED FACTS IN
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | |
|---|---|
| of Michael Mathis). | to assert that Defendant did not disclose its company name in its attempted call to Plaintiff on July 14, 2010, this is undisputed.  Indeed, because Defendant could not confirm the identity of the responding individual, Defendant could <u>not</u> disclose its identity or the reason for its call, because to do otherwise would risk improper third party disclosure. <br><br> Sentry Credit, Inc.'s Recordings, Exh. 2, Mathis Decl., ¶ 3. |
| 13.  Defendant admits that it placed three collection calls to Plaintiff after the call described in Paragraph 5. | 13.  Undisputed that Defendant *attempted* to call Plaintiff on July 19, 20 and 21, 2010.  Plaintiff never answered these calls and no messages were left. <br><br> Sentry Credit, Inc.'s Collection Notes, Exh. 1, Mathis Decl., ¶ 2; Sentry Credit, Inc.'s Recordings, Exh. 2, Mathis Decl., ¶ 3. |
| 14.  In addition to the repeated instructions to stop calling on the call described in Paragraph 5, on at least ten occasions Plaintiff answered a call from Defendant, was connected to a live person, then instructed Defendant to stop | 14.  Plaintiff's vague deposition testimony, which consists of nothing but estimates as to what *may* have occurred, unsupported by any documentary evidence, cannot create a triable issue of fact in the face of reliable, admissible |

17

DEFENDANT'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED FACTS IN
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | |
|---|---|
| calling and hung up. | documentary business records reflecting the exact number of phone calls placed, as well as recordings of those calls wherein live conversations took place. Indeed, Plaintiff does not cure these vague estimations in her deposition testimony by offering a more specific declaration in support of her position that additional live conversations occurred that are not reflected in Defendant's business records.  Fed. R. Civ. Proc. 56(c)(2).  "While plaintiff's burden at the summary judgment stage is not great, he cannot simply rely on generalizations and conjecture." *Davenport v. Bd. of Trs. Of the State Ctr. Cmty. College*, 654 F.Supp.2d 1073, 1101 (E.D. Cal. 2009). The Court need not draw *all* possible inferences in plaintiff's favor, only *reasonable* ones. *Villiarimo v. Aloha Island Air, Inc.i, 281 F.3d 1054, 1065* (9th Cir. 2002) (citing *O.S.C. Corp. v. Apple Computer, Inc.*, 792 F.2d 1464, 1466-67 (9th Cir. 1986) ("We scrutinize the evidence and reasonable inferences to determine whether there is sufficient probative evidence to permit 'a finding |
| Deposition of Andrea Beard at 31-32 (Pl. Ex. 1). | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED FACTS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | |
|---|---|
| | in favor of the opposing party based on more than mere speculation, conjecture, or fantasy.'"). Accordingly, this purported fact should be disregarded.<br><br>Sentry Credit, Inc.'s Collection Notes, Exh. 1, Mathis Decl., ¶ 2. |
| 15. Plaintiff does not recall ever receiving a letter or package from Defendant.<br><br>Deposition of Andrea Beard at 18-19, 34 (Pl. Ex. 1). | 15. Undisputed that Plaintiff does not recall receiving a letter or package, however, the purported facts is irrelevant and immaterial. |
| 16. As of the date of her deposition, Plaintiff still did not know what debt Defendant was seeking to collect.<br><br>Deposition of Andrea Beard at 26, 35 (Pl. Ex. 1). | 16. Undisputed, but irrelevant and immaterial. Notably, Plaintiff also did not deny owing the debt.<br><br>Deposition of Plaintiff Andrea Beard, 26: 12, Exh. "A" to Declaration of Stephen H. Turner ("Turner Decl."), ¶ 2. |
| 17. Defendant never identified to Plaintiff, at any time prior to the filing of this action, the debt that it is seeking to collect.<br><br>Deposition of Andrea Beard at 26 (Pl. Ex. 1). | 17. Undisputed for purposes of this motion. Indeed, Defendant never knowingly had a live conversation with Plaintiff so as to identify the debt that it was seeking to collect.<br><br>Sentry Credit, Inc.'s Collection Notes, |

4847-9834-8558.1

19

DEFENDANT'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED FACTS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | Exh. 1, Mathis Decl., ¶ 2; Sentry Credit, Inc.'s Recordings, Exh. 2, Mathis Decl., ¶ 3. |
| --- | --- |
| 18.  Defendant left more than seven messages on Plaintiff's answering machine stating that the call was an attempt to collect a debt.<br><br>Deposition of Andrea Beard at 24 (Pl. Ex. 1). | 18.  Plaintiff's vague deposition testimony, which consists of nothing but estimates as to what *may* have occurred, unsupported by any documentary evidence, cannot create a triable issue of fact in the face of reliable, admissible documentary business records reflecting the exact number of phone calls placed, as well as recordings of those calls wherein live conversations or messages took place.  Indeed, Plaintiff does not cure these vague estimations in her deposition testimony by offering a more specific declaration in support of her position that these additional voicemail messages were left that are not reflected in Defendant's business records.  Fed. R. Civ. Proc. 56(c)(2).  "While plaintiff's burden at the summary judgment stage is not great, he cannot simply rely on generalizations and conjecture."  *Davenport v. Bd. of Trs. Of the State Ctr. Cmty. College*, 654 F.Supp.2d 1073, 1101 (E.D. Cal. 2009).  The Court need |

DEFENDANT'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED FACTS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | |
|---|---|
| | not draw *all* possible inferences in plaintiff's favor, only *reasonable* ones. *Villiarimo v. Aloha Island Air, Inc.i, 281 F.3d 1054, 1065* (9th Cir. 2002) (citing *O.S.C. Corp. v. Apple Computer, Inc.,* 792 F.2d 1464, 1466-67 (9th Cir. 1986) ("We scrutinize the evidence and reasonable inferences to determine whether there is sufficient probative evidence to permit 'a finding in favor of the opposing party based on more than mere speculation, conjecture, or fantasy.'"). Accordingly, this purported fact should be disregarded.<br><br>Sentry Credit, Inc.'s Collection Notes, Exh. 1, Mathis Decl., ¶ 2. |
| 19.  Plaintiff has never owed any business debt.<br><br>Deposition of Andrea Beard at 37-38 (Pl. Exl. 1). | 19.  This purported fact is unsupported by admissible evidence, and therefore, should be disregarded.  Namely, the deposition testimony cited only reflects that Plaintiff states she has "no reason to believe that any of the debt that any of the debt collectors have contacted you in the past decade for would be anything business-related."  This statement does not support the generalized conclusion |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

that "Plaintiff has never owed any business debt," and therefore must be disregarded. "While plaintiff's burden at the summary judgment stage is not great, he cannot simply rely on generalizations and conjecture." *Davenport v. Bd. of Trs. Of the State Ctr. Cmty. College*, 654 F.Supp.2d 1073, 1101 (E.D. Cal. 2009). The Court need not draw *all* possible inferences in plaintiff's favor, only *reasonable* ones. *Villiarimo v. Aloha Island Air, Inc.i, 281 F.3d 1054, 1065* (9th Cir. 2002) (citing *O.S.C. Corp. v. Apple Computer, Inc.*, 792 F.2d 1464, 1466-67 (9th Cir. 1986) ("We scrutinize the evidence and reasonable inferences to determine whether there is sufficient probative evidence to permit 'a finding in favor of the opposing party based on more than mere speculation, conjecture, or fantasy.'").

22
23
24
25
26
27
28

4847-9834-8558.1

22

DEFENDANT'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED FACTS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   DATED: February 6, 2012            LEWIS BRISBOIS BISGAARD & SMITH LLP

2

3

4                                      By:      /s/ Stephen H. Turner
                                            Stephen H. Turner
5                                           Lindsay Ryan
                                            Attorneys for Defendant SENTRY
6                                           CREDIT, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED FACTS IN
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

# **FEDERAL COURT PROOF OF SERVICE**

Beard v. Sentry Credit - File No. 6234.8159

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, CA 90012.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On February 6, 2012, I served the following document(s):  DEFENDANT'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED FACTS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

The documents were served by the following means:

☒     (BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the State of CALIFORNIA that the foregoing is true and correct.

Executed on February 6, 2012, at Los Angeles, California.

_____
Marcia Cox

4847-9834-8558.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW