IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREA BEARD,

      Plaintiff,                     Case No. CIV S-10-2218-KJM-GGH

     vs.

SENTRY CREDIT, INC.,

      Defendant.                 <u>ORDER</u>

/

        This matter comes before the court on defendant's motion for summary judgment. (Mot. for Summ. J., ECF 23.) The court heard argument on February 10, 2012. Ryan Lee appeared for plaintiff; Stephen Turner appeared for defendant. Plaintiff's claims are based on her belief that defendant violated state and federal consumer protection laws when it called her repeatedly concerning an outstanding debt. For the following reasons, the court grants in part and denies in part defendant's motion.

I.     <u>FACTUAL BACKGROUND</u>

        Plaintiff owes a consumer debt that was assigned to defendant for collection in 2010. (Pl.'s Response to Def.'s Statement of Undisputed Facts ("PR"), ECF 32-1 ¶ 2.) The parties agree that defendant called plaintiff at least thirteen times between May 10, 2010 and July 21, 2010. (*Id.* ¶ 3.) On May 10, 2010, defendant called plaintiff's phone at 4:44 p.m. On that

1

call, the speaker identified himself as calling Andrea Beard on behalf of Sentry Credit and said the call was made to collect a debt. (*Id.* ¶ 4.) On June 4, 2010, around 3:24 p.m., defendant called the same number and did not leave a message when no one answered. (*Id.* ¶ 5.) This scenario repeated on June 11 at 4:03 p.m., June 25 at 2:27 p.m., June 25 at 3:02 p.m., June 28 at 5:03 p.m., July 12 at 12:12 p.m., July 13 at 10:36 a.m., July 19 at 10:25 a.m., July 20 at 10:27 a.m., and July 21 at 11:22 a.m. (*Id.* ¶¶ 6, 8-12, 14-16.)

Two additional calls did not follow this general script. On June 25, at 2:27 p.m., defendant called a separate number identified with plaintiff and found that number to be disconnected. (*Id.* ¶ 7.) On July 14, defendant called the first number again, and a woman answered. After a brief conversation the call was terminated.[1] (*Id.* ¶13.)  This July 14 call plays a central role in plaintiff's claims. The colloquy that took place between defendant's representative and the woman who answered is as follows:

> Caller: Hello, Andrea?
>
> Woman: Yes. Um, you guys keep leaving messages on my phone. I just want to tell you that I'm going to report you guys, 'cause you cannot leave on--in the State of California, you cannot leave, on the answering machine, uh, "This is an attempt to collect a debt."
>
> Caller: Is this Andrea Beard? [OVERLAPPING]
>
> Woman: [OVERLAPPING] It's against the law. Uh, it's against the law, and I wish you do not call here anymore.
>
> Caller: Is this--
>
> Woman: I'm going to report you.
>
> Caller: Okay. Okay, ma'am. Is this Andrea--is this--okay. [OVERLAPPING]
>
> Woman: [OVERLAPPING] I'm telling you that. Do not call here anymore.

---

[1] Plaintiff provides a transcript of this conversation, but defendant contests the admissibility and propriety of looking to the transcript as opposed to the recording itself for the purposes of the present motion. (*See generally* ECF 35-3.) There is no discernible difference between the submitted recording and the transcript.

| | |
|---|---|
| 1 | Caller: [OVERLAPPING] Okay. We will continue to call if this is still Andrea Beard. Uh, I'm going to continue to call. |
| 2 | |
| 3 | Woman: No. You will get fined. I'm going to report you. |
| 4 | Caller: Okay. |
| 5 | Woman: I'm going to ca--uh, that. |
| 6 | Caller: Okay. Please do. |
| 7 | Woman: Because you cannot do |
| 8 | Caller: Okay, no, uh-- |
| 9 | Woman: And I do not want you to call. And in the State of California–[OVERLAPPING] |
| 10 | Caller: [OVERLAPPING] We can do it and we're gonna do it. |
| 11 | Woman: If I tell you that-- |
| 12 | Caller: No, you can't. |
| 13 | Woman: You're not supposed to |
| 14 | Caller: [OVERLAPPING] That's not it. That's not true. |
| 15 | Woman: [OVERLAPPING] If I tell you that, in the State of California--that is true. |
| 16 | |
| 17 | Caller: Ma'am, do you need to seek legal advice? Because--[OVERLAPPING] |
| 18 | Woman: [OVERLAPPING] I work for a collection agency. |
| 19 | Caller: Okay. |
| 20 | Woman: And I do-- |
| 21 | Caller: Okay. Well, you're doing a good job at it. [OVERLAPPING] |
| 22 | |
| 23 | Woman: [OVERLAPPING] Yes. |
| 24 | Caller: Well, so-- |
| 25 | Woman: What--well-- |
| 26 | Caller: You're completely misinformed, so. |

3

| | |
|---|---|
| 1 | Woman: You're not doing a good job at it. So, I'm just--[OVERLAPPING] |
| 2 | |
| 3 | Caller: [OVERLAPPING] Well, I'm doing better than you. |
| 4 | Woman: [OVERLAPPING] Informing you of that. |
| 5 | Caller: Ok, whatever you say? |
| 6 | Woman: How are you doing a better job than me? |
| 7 | Caller: Well-- |
| 8 | Woman: How are you doing a better job than me? [UNINTELLIGIBLE - VOICES OVERLAPPING] |
| 9 | Caller: [OVERLAPPING] How are you doing a good job, ma'am? Because we're not doing– |
| 10 | |
| 11 | Woman: [OVERLAPPING] How are you doing a better job? I'm not saying I'm doing a better job. |
| 12 | Caller: [OVERLAPPING] We're not going any--okay. |
| 13 | Woman: [OVERLAPPING] I'm just saying that you're not doing a great job. |
| 14 | |
| 15 | Caller: [OVERLAPPING] We're not--we're not going anywhere with this, so good luck to you, and go ahead and report us. Thank you. |
| 16 | |
| 17 | Woman: [OVERLAPPING] Okay. Well, don't call me anymore. |

(Response to Pl.'s Separate Statement, ECF 35-2, ¶ 9). Plaintiff claims many more calls occurred than those summarized above, but she is unable to specify when these other calls occurred or their number. (*See generally* ECF 32-4 at 24-32). Plaintiff has estimated that Sentry called her at least seven times per day, every day over the course of months (*id*. at 28:9-12); that defendant left at least seven messages during those months (*id*. at 24:15-17); that defendant called her multiple times a day on several occasions such that she "had to take the phone off the hook" (*id*. at 28:18-21); and, that she told a live representative to stop calling on at least ten occasions. (*Id*. at 31:21-32:7.)

/////

## II.       SUMMARY JUDGMENT STANDARD

A court will grant summary judgment "if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The "threshold inquiry" is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).[2]

The moving party bears the initial burden of showing the district court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party, which "must establish that there is a genuine issue of material fact . . . ." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986). In carrying their burdens, both parties must "cit[e] to particular parts of materials in the record . . .; or show [] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1); *see also Matsushita*, 475 U.S. at 586 ("[The nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts."). Moreover, "the requirement is that there be no *genuine* issue of *material* fact . . . . Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248 (emphasis in original).

In deciding a motion for summary judgment, the court draws all inferences and views all evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587–88; *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine

---

[2] Rule 56 was amended, effective December 1, 2010. However, it is appropriate to rely on cases decided before the amendment took effect, as "[t]he standard for granting summary judgment remains unchanged." FED. R. CIV. P. 56, Notes of Advisory Comm. on 2010 amendments.

5

issue for trial.'"  *Matsushita*, 475 U.S. at 587 (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289 (1968)).

As a general rule, self-serving declarations and affidavits, without more, cannot create a disputed material fact.  *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) ("[The Ninth Circuit] has refused to find a 'genuine issue' where the only evidence presented is 'uncorroborated and self-serving' testimony." (quoting *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996)).  The contours of this rule are especially important where, as here, the only proffered evidence of a material disputed fact is the deposition testimony of the plaintiff.  "A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *F.T.C. v. Publishing Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1996). The summary judgment inquiry "focuses on whether the nonmoving party has come forward with sufficiently 'specific' facts from which to draw reasonable inferences about other material facts that are necessary elements of the nonmoving party's claim." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 632 n.3  (9th Cir. 1987).

However, the Ninth Circuit has also recognized that party's affidavits are always self-serving and therefore "[i]n most cases, [] that an affidavit is self-serving bears on its credibility, not on its cognizability for purposes of establishing a genuine issue of material fact. Only in certain instances-such as when a declaration states only conclusions, and not such facts as would be admissible in evidence can a court disregard a self-serving declaration for purposes of summary judgment." *S.E.C. v. Phan*, 500 F.3d 895, 909 (9th Cir. 2007) (citation omitted) (internal quotation marks and alterations omitted). *Phan* distinguished *Villiarimo* on the basis that the affidavit at issue in *Villiarimo* contained facts outside of the declarant's personal knowledge. *Id*. at 910. Similarly, the *Phan* court noted that information based on private first person knowledge will often lack corroboration and this should not lead to defeat at the summary judgment stage. *Id*. ("it is unremarkable that the defendants could not otherwise corroborate their

6

personal conversations."). "A judge must not grant summary judgment based on his determination that one set of facts is more believable than another." *See Nelson v. City of Davis*, 571 F.3d 924, 929 (9th Cir. 2009).

Nevertheless, even allowing for plaintiff's deposition testimony to contest essential facts singlehandedly, it remains incumbent upon the non-moving party to identify specific facts. "Where the facts contained in an affidavit are 'neither in the form of legal conclusions nor speculative, but are material facts based on [the affiant's] personal recollection of the events,' the affidavit is not conclusory." *United States v. $223,178.00 in Bank Account Funds*, 333 F. Ap'px 337, 338 (9th Cir. 2009) (quoting *Orsini v. O/S Seabrooke O.N.*, 247 F.3d 953, 960 n.4 (9th Cir. 2001)). "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). Plaintiff must present sufficient evidence that a rational juror could find in her favor. *See Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994).

III.   ANALYSIS

Plaintiff alleges that defendant violated multiple sections of the Fair Debt Collection Practice Act, 15 U.S.C. § 1692 *et seq.* (FDCPA) and the Rosenthal Fair Debt Collection Practice Act, Cal. Civ. Code §1788, *et seq*. (RFDCPA). (ECF 1 ¶¶ 15–20.) The parties agree that "claims asserted under the FDCPA constitute violations of the RFDCPA," and therefore, this court needs not address FDCPA and RFDCPA claims independently. *See Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069, 1077 (E.D. Cal. 2007); *see also Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012) ("The [RFDCPA] mimics or incorporates by reference the FDCPA's requirements"); CAL. CIV. CODE § 1788.17.

"The FDCPA comprehensively regulates the conduct of debt collectors, imposing affirmative obligations and broadly prohibiting abusive practices." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060–61 (9th Cir. 2011); *see generally* 15 U.S.C. § 1692. Under the

7

FDCPA, debt collectors are strictly liable for their conduct regardless of their intent or knowledge of possible violations. *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008) (citing *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1175–77 & n.11 (9th Cir. 1982)). "Plaintiff needs to show only one violation of the FDCPA to be entitled to summary judgment." *Scott v. Kelkris Assoc., Inc.*, No. CIV. 2:10–1654 WBS DAD, 2012 WL 996578, at *4 (E.D. Cal. Mar. 23, 2012). Plaintiff's claims are premised on 15 U.S.C. § 1692d, specifically, § 1692d(5) and § 1692d(6), as well as § 1692e.[3]

A.  Factual Disputes

The parties agree that two factual disputes control plaintiff's claims. The court will examine these disputes in turn and then address whether summary judgment should be granted as to each claim.

1.  Number and Pattern of Calls

According to plaintiff, defendant called her several times a day over the course of several months. On its face, however, plaintiff's deposition testimony is inconsistent, self-contradicting, and speculative regarding how many calls defendant placed. For example, when asked how many times defendant called, plaintiff testified as follows:

A: They called me several times.

Q: When you say several, can you give me an estimate?

A: More than ten.

Q: So less than 20?

A: I am not sure.

(ECF 32-4 at 19:14-20.) Plaintiff later estimated that Sentry called her at least seven times per

---

[3] Defendant does not seek to narrow the claims on which plaintiff can proceed, but rather seeks summary judgment on them all. Therefore, the court does not address whether the same factual predicate can support claims under different sub-sections of Section 1692. *See Stirling v. Genpact Servs., LLC*, No. 2:11-cv-6369-JHN-MANx, 2012 WL 952310, at *3 (C.D. Cal. March 19, 2012).

day, every day over the course of months (*id*. at 28:9-12); that defendant left at least seven messages during that time (*id*. at 24:15-17); that defendant called her multiple times a day on several occasions such that she "had to take the phone off the hook" (*id*. at 28:18-21); and, that she told a live representative to stop calling on at least ten occasions. (*Id*. at 31:21-32:7.) Plaintiff argues that because the deposition testimony at one point adopts her earlier allegation that defendant placed seven calls per day over the course of five months, it is a contested fact whether plaintiff received several hundred calls. (ECF 32-3 ¶¶ 1, 2.) Plaintiff also argues that, even if her testimony is insufficient to support her estimate of several hundred calls, the testimony does indicate that defendant would occasionally call multiple times in a day and that the calls may have been more frequent than defendant claims. (*Id.* ¶ 3.) Plaintiff's deposition testimony is lacking any specific details on the pattern or number of calls.  On the other hand, defendant provides collection notes for plaintiff's account indicating that it placed thirteen phone calls to plaintiff over a two-month period, with twelve phone calls unanswered. (ECF 23-4, Ex. 1.) Even if the court adopted the numbers proposed by plaintiff during deposition, in those few instances where she ventured a concrete guess, the total number of calls would approximate twenty, which is insufficient to present an issue of fact as to whether defendant called plaintiff with the intent to harass her.  *See Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1227-29 (E.D. Cal. 2010) (collecting cases and finding that plaintiff receiving "near daily" calls failed to raise an issue of fact over whether the calls were harassing); *see also Tucker v. The CBE Group, Inc*., 710 F. Supp. 2d 1301, 1305-06 (M.D.Fla. 2010) (fifty-seven calls insufficient to raise triable issue of fact over harassing nature of calls).

        2.        Cease Calling Request & Collector Identification

The parties ascribe different interpretations to the July 14 call. Plaintiff claims she requested the caller to stop calling and that defendant's representative failed to identify defendant. Defendant argues that plaintiff never identified herself in the July 14 call (ECF 35-2, ¶ 6-7), and therefore, as far as defendant is concerned, plaintiff as the debtor never requested that

it cease calling. Drawing all reasonable inferences in plaintiff's favor, both parties on the July 14 call appear to understand who the other party is. The court adopts plaintiff's interpretation that she identified herself and that defendant did not.

      B.      Plaintiff's Claims

            1.      15 U.S.C. §1692d & §1692d(5)

Section 1692d provides that "a debt collector may not . . . harass, oppress, or abuse any person in connection with the collection of debt." 15 U.S.C. § 1692d. As specific but not limiting examples of such harassment, Section 1692d provides that "causing the phone to ring repeatedly with intent to annoy the debtor" and failing to offer meaningful identification of the caller each violate the FDCPA. 15 U.S.C.§ 1692d(5), (6). As noted above, any violation of the FDCPA constitutes a violation of the RFDCPA. CAL. CIV. CODE § 1788.17. In addition, the RFDCPA contains provisions mirroring the requirements for caller disclosure and prohibiting harassing calls. *See* CAL. CIV. CODE § 1788.11(b), (d).

"[A] debt collector may harass a debtor by continuing to call the debtor after the debtor has requested that the debt collector cease and desist communication." *Arteaga*, 733 F. Supp. 2d at 1227; *see also Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994). In addition, "[c]alling a debtor numerous times in the same day, or multiple times in a short period of time, can constitute harassment under the FDCPA." *Arteaga*, 733 F. Supp. 2d at 1228; *see also Kuhn v. Account Control Tech.*, 865 F. Supp. 1443, 1453 (D. Nev. 1994). However, plaintiff must present evidence of activity that naturally tends to provoke harassment. *See Arteaga*, 733 F. Supp. 2d at 1229 (granting summary judgment because plaintiff "presents no evidence that [defendant] called her immediately after she hung up, called multiple times in a single day, called her place of employment, family, or friends, called at odd hours, or called after she requested [defendant] to cease calling."). Here, construing the record in plaintiff's favor, on the July 14 call she requested that defendant cease calling her. After that, defendant then called three more times. Plaintiff's cease calling request was not a written request, which under the

10

statute would have obligated defendant to stop calling. *See* 15 U.S.C. § 1692c(c). Based on the current record, plaintiff has failed to raise a triable fact as to whether defendant violated 15 U.S.C. § 1692d(5). Defendant's motion for summary judgment is granted on plaintiff's § 1692d(5) claim.

          2.       15 U.S.C. § 1692d(6)

Next, plaintiff claims defendant violated the FDCPA when it failed to identify itself on the July 14 call. Section 1692d(6) provides that a debt collector violates section 1692(d) when "[e]xcept as provided in section 1692(b) of this title," the caller does not offer "meaningful disclosure of the caller's identity." "Meaningful disclosure presumably requires that the caller must state his or her name and capacity, and disclose enough information so as not to mislead the recipient as to the purpose of the call or the reason the questions are being asked." *Hosseinzadeh v. M.R.S. Assocs., Inc.*, 387 F. Supp. 2d 1104, 1112 (C.D. Cal. 2005). Defendant relies on section 1692(b), which bars a debt collector from identifying itself as a debt collector to someone other than the debtor. Defendant claims that because plaintiff never identified herself on the July 14 call, summary judgment under section 1692(d)(6) is appropriate. Plaintiff claims she did identify herself and therefore it was incumbent upon the debt collector to identify itself. Plaintiff points to the following portion of the July 14 conversation:

          Caller: Hello, Andrea?

          Woman: Yes. Um, you guys keep leaving messages on my phone.

(ECF 35-2 ¶ 6.) Plaintiff contends further that because she could later identify a conversation similar to the July 14 call, she was the one who answered the call on July 14. (ECF 32-4 at 22-25.) Drawing all inferences in plaintiff's favor, plaintiff adequately identified herself, at which point, it became incumbent upon the caller to identify the call as originated by defendant. Defendant's motion for summary judgment premised on Section 1692d(6) is denied.

/////

/////

11

3. 15 U.S.C. § 1692e

15 U.S.C. § 1692e prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." In applying this provision, the Ninth Circuit has adopted a "least sophisticated debtor" standard that objectively asks whether "the least sophisticated debtor would likely be misled by a communication." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010) (citation omitted). "This objective standard ensures that the FDCPA protects all consumers, the gullible as well as the shrewd . . . the ignorant, the unthinking and the credulous." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1171 (9th Cir. 1982) (citing *Clomon v. Jackson*, 988 F.2d 1314, 1318–19 (2nd Cir. 1993)). The least sophisticated debtor standard "preserves a quotient of reasonableness and presumes a basic level of understanding and willingness to read with care." *Gonzalez v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011) (quoting *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)) (internal quotation omitted). Thus, 15 U.S.C. § 1692(e) "does not subject debt collectors to liability for bizarre, idiosyncratic, or peculiar misinterpretations." *Id.* "[1692e] cases have [] emphasized a debt collector's failure to identify themselves or the nature of the communication which resulted in a misleading representation." *Reed v. Global Acceptance Credit Co.*, No. C-08-01826 RMW, 2008 WL 3330165, at *4 (N.D. Cal. Aug. 12, 2008). For instance, a creditor violates this section when it leaves a message indicating an emergency situation requires the debtor to call back immediately but does not disclose the nature of the emergency. *See Hosseinzadeh*, 387 F. Supp. 2d at 1116.

As discussed above, plaintiff's claim for a violation of 1692e rests on defendant's representative's failure to identify defendant on the July 14 call. (ECF 32 at 23). Plaintiff fails to explain how the least sophisticated debtor would be misled by the July 14 exchange; she has not challenged any of the caller's representations as violating section 1692e. On the call, defendant responds to plaintiff as though it is a debt collector as she suggests and states it will continue to call back. While the defendant's caller denied it was making the call improperly, its statements

12

were not intimidating or bluffing, and the conversation ended with the caller accepting that plaintiff would report the call. Plaintiff spoke without hesitation, as though she knew precisely with whom she was speaking, and at no time requested the speaker to identify him or herself. While the exchange is acrimonious and adversarial, it does not contain anything that can be labeled "false, deceptive, or misleading" as required by the statute. This claim fails as a matter of law, and defendant's motion is granted in this respect as well.

IV. <u>CONCLUSION</u>

    For the reasons set forth above, the court orders:

1. Defendant's motion is granted with respect to plaintiff's claims premised on FDCPA Section 1692d(5);
2. Defendant's motion is denied with respect to plaintiff's claims premised on FDCPA Section 1692d(6);
3. Defendant's motion is granted with respect to plaintiff's claims premised on FDCPA Section 1692e;
4. Defendant's motion with respect to plaintiff's claims premised on RFDCPA Section § 1788.17 is denied to the extent those claims are premised on violations of FDCPA Section 1692d(6) and granted to the extent they are based on violations of 1692e or 1692d(6);
5. Defendant's motion is denied with respect to plaintiff's claims premised on RFDCPA §§ 1788.11(b) and 1788.11(d).
6. Defendant's motion is granted with respect to plaintiff's claims premised on RFDCPA § 1788.11(d).

    IT IS SO ORDERED.

DATED: August 30, 2012.

                                                   UNITED STATES DISTRICT JUDGE